116    129
134    601

SCHILLER COMMANDERY NO. 1, UNITED FRIENDS OF
MICHIGAN, *v.* JAENNICHEN.

1. VOLUNTARY ASSOCIATIONS—WITHDRAWAL OF MEMBERS—RIGHT
TO PROPERTY.

The withdrawal of two-thirds of the members of a volun-
tary association does not change its identity, and the remain-
ing members are entitled to the property.

2. SAME—INCORPORATION.

The provision of Act No. 119, Pub. Acts 1893, that voluntary
associations may become bodies corporate if two-thirds of
the members present and voting at any regular meeting shall
vote in favor of such incorporation, does not operate, so far
as it relates to associations formed before and existing at the
time of the enactment, to vest in the corporation funds be-
longing to the association, where the action to incorporate
was not acquiesced in by all the members of the association.

Error to Wayne; Hosmer, J.   Submitted October 13,
1897.   Decided March 15, 1898.

*Assumpsit* by the Schiller Commandery No. 1, United
Friends of Michigan, against Louis Jaennichen, John
Groll, and Catherine Thomas for money had and received.
From a judgment for defendants on verdict directed by
the court, plaintiff brings error.   Affirmed.

The United Friends of Michigan is an incorporated
fraternal beneficiary association, and is within the pro-
visions of Act No. 119 of the Public Acts of 1893.   The
plaintiff is a subordinate body of the United Friends of
Michigan, and as such attempted to incorporate shortly
before the commencement of this suit.   Sections 11–13 of
the act referred to provide for the incorporation of such
subordinate bodies.   Before the incorporation of the plain-
tiff, a voluntary association known as "Schiller Command-
ery No. 1" had accumulated a general fund of $889.76,

and this money was in the bank in the name of its trustees on the 1st day of June, 1896. At that time the plaintiff had about 670 members, but, in July following, more than 400 of these members withdrew from the organization, and among them the defendants in this suit. These defendants were at that time the trustees of Schiller Commandery No. 1, and as such had control of the fund involved in this suit. They have kept it ever since, and, after demand, have refused to turn it over to the plaintiff. After the secession, those who remained members in good standing of the Schiller Commandery agreed to become incorporated at a meeting of the association at which 150 out of 180 members who had adhered to the original association, and who were then in good standing, were present, the action being unanimous. It is said in defendants' brief that it does not appear upon what notice the meeting was called. This is true, but the fair inference is that the meeting was a regular one. After the incorporation this suit was brought. No evidence was offered or given on the part of the defendants as an excuse for or explanation of the secession or the withholding of the money. The bill of exceptions shows that the 400 who withdrew from the commandery did not pay any more dues, and set up for themselves, and claimed this fund because they were the large majority of the voluntary association Schiller Commandery No. 1, United Friends of Michigan.

*John G. Hawley*, for appellant.

*William E. Henze* (*Otto Kirchner*, of counsel), for appellees.

MONTGOMERY, J. (*after stating the facts*). The withdrawal of the 400 members did not change the identity of the association. The remaining members represented the society, and were entitled to retain the property. *Sommers* v. *Reynolds*, 103 Mich. 307; 1 Bac. Ben. Soc. § 38*a*. The Schiller Commandery No. 1, United Friends of Michigan, was, under the facts stated in the record,

clearly entitled to the fund on hand at the time of the withdrawal of the 400.

The question is whether the incorporated body is legally identical with the previously-existing voluntary association. The incorporation of the body appears to have been made in accordance with the provisions of Act No. 119 of the Public Acts of 1893, which provides that the voluntary association may become a body corporate if two-thirds of the members present and voting at any regular meeting shall vote in favor of such incorporation. The statute further provides that, when the requirements named in the statute are complied with, such subordinate body shall be a body corporate by the name expressed in the articles, and by that name be a person in law capable of suing and being sued in the courts, and taking and holding property of every kind, the same as natural persons. The question for decision is whether this act, so far as it relates to associations formed before and existing at the time of its enactment, is operative to vest in the corporation funds belonging to the previously-existing association, where, as in this case, the action to incorporate was not unanimous. We think this question is ruled in the negative by *Mason* v. *Finch*, 28 Mich. 282. It should be noted that the record fails to show that the remaining members of the association, the 30 who did not participate in the attempt to incorporate, acquiesced in the action taken. If such affirmative showing had been made, quite a different question would have been presented.

The judgment will be affirmed.

The other Justices concurred.