RAINWATER-BRADFORD HAT CO., ET AL. McBRIDE, ET AL.

Opinion delivered October 5, 1901.

*1. Assignments for Benefit of Creditors—Validity.*

A deed of assignment to the defendant directed him to sell the property assigned at public auction within 120 days after the execution of his bond; and also provided that the assignee should in executing the trust be "governed in all things by the laws regulating assignments for the benefit of creditors now in force in the Indian Territory." *Held*, that the latter provision cured the illegality of the former directions of sale, and the assignment was valid.

*2. Master's Reports—Based on Conflicting Evidence—Not Disturbed.*

Where a master's report was, in some particulars, based upon conflicting and unsatisfactory evidence, it will not be disturbed on appeal when confirmed by court below, for his findings are to be regarded as the finding of a properly instructed jury.

Appeal from the United States court for the Central district.

W. H. H. CLAYTON, Judge.

Bill by the Rainwater-Bradford Hat Company and others against W. A, McBride and others. From a decree in favor of defendants, plaintiffs appeal. Affirmed.

On the 3d day of January, 1893, D. W. Hodges, who was engaged in the mercantile business in the town of Lehigh, Ind. T., executed a deed of assignment whereby he conveyed "all his property, real, personal, and mixed, choses in action, debts, dues, assets, and demands of every nature, kind, and description, wheresoever the same may be, except such property as is by law exempt to me," to W. A. McBride, his successors and assigns; for the benefit of his creditors. On the 10th day of August, 1892, the Rainwater-Bradford Hat Company and others brought this action against W. A. McBride and others, alleging that certain plaintiffs named in the bill were judgment creditors of the said D. W. Hodges, and that said judgments were valid and subsisting judgments, in full force and effect, and unsatisfied in whole or in part, and that the said D. W. Hodges was indebted to the other plaintiffs in various amounts for goods, wares, and merchandise sold to the said Hodges. Plaintiff alleges and charges, among other things, that the said Hodges and his attorney, G. G. Randell, conspired together with W. A. McBride, assignee of Hodges to cheat and defraud the plaintiffs, and, in furtherance of said scheme to cheat and defraud said plaintiffs, the said W. A. McBride, as assignee of D. W. Hodges, did not file in the office of the clerk of this court a full and complete inventory of the assigned property, and that the said McBride, took charge of the key and storehouse, containing goods, wares, and merchandise assigned, before he had filed his inventory and bond as required by law, and that said bond was insufficient in amount, and that the said Hodges abandoned all watch and care over said assigned property, leaving said assignee, McBride, to exercise absolute and unrestricted dominion over same, and that the said assignee managed and controll-

ed the books and accounts and made arrangements for the collection of said accounts before qualifying as assignee, and that the said assignee, together with G. G. Randell, his attorney, and D. W. Hodges, in furtherance of said scheme to cheat and defraud, withheld certain valuable mining claims, and a large sum of money alleged to be due D. W. Hodges from the Choctaw Nation, for services rendered said Nation as a delegate to collect what is known as the "Leased District Money," from his schedule, for the purpose of cheating and defrauding his creditors. Defendant McBride filed answer to this bill, answering the material allegations in plaintiff's bill, and denying that he colluded with D. W. Hodges, G. G. Randell, or any one else, for the purpose of cheating or defrauding plaintiff's creditors. Defendants G. G. Randell, Green McCurtain, and Alice Hodges also filed answers to said bill of plaintiffs; defendant Alice Hodges saying in her answer that the moneys paid to her were a part of the remuneration of her husband for his services as a delegate to Washington in the collection of certain moneys; that her husband was a Choctaw citizen and an official of the Choctaw Nation, and that a part of the moneys allowed him for services as delegate were for moneys expended in the collection of certain claims due said Nation from the United States, and that the remuneration paid him as a delegate was contingent upon the collection of said claims, and that the services performed by him as a delegate were performed after the making of said assignment; and that said services performed after said assignment were worth more than the moneys paid to her as her portion of the moneys due her husband as such delegate, and therefore the said moneys were not liable to claims of creditors of said D. W. Hodges under his assignment of January 3, 1893. Upon the filing of the bill a motion was made by the plaintiff to remove the assignee and appoint a receiver pending the hearing. On the hearing of said motion the judge removed McBride as assignee, and appointed R. Sarlls assignee in his stead. On the 6th day of

March, 1897, the case was referred to William Costigan, as special master, to take proofs and report his findings of fact and conclusions of law. On June 28, 1899, the special master filed his report. On the 5th day of July, 1899, plaintiffs filed exceptions to the report, and on the 22d day of March, 1900, the court overruled plaintiffs' exceptions to said report and entered an order decreeing that plaintiffs take nothing by their suit, and that the substituted assignee, R. Sarlls, proceed forthwith and without further delay to discharge the duties imposed upon him by the terms of the deed of assignment herein, to which decree and ruling the plaintiffs duly excepted and prayed an appeal to this court, which appeal was allowed by the court. Plaintiffs, failing to perfect the appeal allowed, within 90 days, abandoned the same, and filed petition for an appeal in this court, which appeal was granted, and the case is now before this court for review.

*H. O. Shepard, J. G. Ralls, G. A. Pate* and *N. B. Maxey*, for appellants.

*Mansfield, McMurray & Cornish*, for appellees.

GILL, J. Counsel for appellants make eight assignments of error, the first of which is that the court below erred in sustaining the finding of the master wherein he found that the direction in the deed of assignment to the assignee to sell all the property assigned to him for the payment of debts at public auction within 120 days after the execution of his bond was cured of illegality by the following provision: "He (my assignee) shall, in executing this trust, be governed in all things by the laws regulating assignments for the benefit of creditors now in force in the Indian Territory,"—and cite in support of their contention the cases of Churchill vs Hill, 59 Ark. 54, 26 S. W. 378; Pace vs Drug Co. 2 Ind. Ter. Rep. 218 (48 S. W. 1061). We think that under the authority of the case of Pace vs Drug Co., the deed of assignment is valid, as will be seen from the fol-

lowing, which is quoted from the opinion in said case: "In
the case of Noyes vs Guy, 2 Ind. Ter. Rep. 205 (48 S. W.
1056) involving the validity of a deed of assignment, this
court held that the deed was valid. The part of the deed in
question in that case was as follows: 'And hereby empow-
ers his said assignee to carry out this trust by conforming
to the laws ot the United States in said territory, provided
as follows: My said assignee, after executing a good and
sufficient bond and filing an inventory, shall within one
hundred and twenty days sell all the property herein con-
veyed at public auction, and pay the proceeds to my credi-
tors as herein provided.' It will be seen that the direction
to the assignee was 'to carry out this trust by conforming to
the laws of the United States in said territory.' This court
held in that case that the language was imperative upon the
assignee, and that it was not qualified or limited in any
manner by the provisions which followed. But the direc-
tion to the assignee in the deed of assignment in the case at
bar was not 'to carry out this trust by conforming to the
laws,' but to sell the property assigned as required by law.
The law in regard to selling the property was to be followed.
This only referred to the manner of selling, and the time in
which it was to be sold. This court holds in this opinion
that the deed in the case at bar was, in effect, substantially
the same as the language used in the case of Churchill vs
Hill, supra, and that this case must be decided upon the rule
laid down in that case. The opinion in this case does not
conflict with the decision of this court at this term in the
case of Noyes vs Guy. The judgment of the court below is
affirmed." It will be seen from the foregoing that the pro-
vision in the deed of assignment in Noyes vs Guy and that
in the deed of assignment in the case at bar are almost
identical, and in fact the meaning and intent of the instru-
ments are about the same. We think the rule for the con-
struction of instruments of assignment followed by the court
in Noyes vs Guy, supra, is the correct one (see Burrill,
(41)

Assign. [6th Ed.] p. 38). and should control in the case at bar. It is as follows: "The general rule applied by the courts in the construction of assignments is that well-known one expressed by the maxim, 'Ut res magis valeat quam pereat,'—the instrument in question shall rather be made available than suffered to fail. Such a construction will be given to the assignment as will carry into effect the intention of the parties. * * * When it is ambiguous in its terms and admits of two constructions, that interpretation should be given to it which will render it legal and operative, rather than that which will render it illegal and void." We do not think the court erred in confirming the master's finding in question.

After a careful examination of the other assignments of error, and a close inspection of the record, we find nothing which would warrant us in reversing the court below. It is true that finding No. 8 of the special master, the confirmation of which by the court is attacked as error by appellant's counsel in assignment No. 6, is based upon rather unsatisfactory evidence; but under the rule that the finding of a master in chancery is regarded much as the finding of a properly instructed jury upon the facts, and will not be reversed unless clearly against the weight of the evidence, we do not feel inclined to disturb the finding of the special master in this case, and especially where it has been argued before and passed upon and confirmed by the court below, as in this case. See Campbell vs Trustees (Ky.) 16 S. W. 337; Rawlins vs Rawlins (Mo. Sup.) 15 S. W. 78; Branch vs Mitchell, 24 Ark. 431; Oliver vs State, 34 Ark. 639; Gaty vs Holcomb, 44 Ark. 216. The testimony taken by the master is conflicting, indefinite, and uncertain upon the contested points. It does not appear just at what time Mr. Hodge's prospective interest in the coal claims, which was entirely contingent upon the success of certain litigation, became perfected,—whether at the time of the filing of the inven-

tory or later,—and the bill of sale from Hodges to Hailey alludes to this fact. It is true that the assignee, McBride, admitted his knowledge of such an interest or claim, at the time of the assignment, in his answer; but he testifies that he did not include it in the inventory because it was still involved in litigation, and that he considered that Hodges had no interest unless the case was decided in a certain way. It seems also that there was considerable question as to whether the claim against the Choctaw Nation, or the coal claims, if admitted to be complete in said Hodges at the time of the assignment, could have been collected by suit. The record does not disclose whether Hodges performed services as a delegate before or after the assignment. If the services were rendered after his assignment, the assignee could not control the payment therefor. The testimony is so incomplete upon these points, and conflicts to such an extent, that we do not feel that we are justified in disturbing the judgment of the court below in confirming the master's findings. The judgment is therefore affirmed.

TOWNSEND, C. J., and RAYMOND, J., concur.