GREENHAW *v.* COMBS.

Opinion delivered February 25, 1905.

1. REFEREE—FINDINGS—CONCLUSIVENESS.—Where a cause by consent was referred to a referee to hear and take proof, and file his report of his findings at the next term of the court, his findings of fact are as conclusive as the verdict of a jury; but his findings of law, in the absence of express agreement to be bound thereby, are not conclusive, and will be set aside if erroneous. (Page 338.)

2. RESCISSION—UNILATERAL MISTAKE.—A finding of fact, in a suit by a grantor to cancel a deed executed by mistake, that the deed was executed by mistake of the grantor, but not of the grantee, will not support a finding of law that the grantor was entitled to rescission. (Page 339.)

3. COSTS—EQUITY—PRACTICE.—Where a grantor brought suit to cancel a deed on the ground of mistake, which the evidence showed was not mutual, a decree dismissing the complaint but awarding plaintiff costs will be set aside as to the costs. (Page 340.)

Appeal from Searcy Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellants brought suit in chancery against appellee to reform a deed, alleging that G. B. Greenhaw had given to his son, F. P. Greenhaw, a tract of land near the town of Marshall, Ark., enclosed under fence, and a small strip adjacent, so as to bring the property up to the townsite line, but that by a mistake the deed had been drawn so as to convey more than was intended. That F. P. Greenhaw had sold to appellee, pointing out to her the property that was intended to be conveyed, and which was the same which his father intended to give him; but the erroneous description in the old deed was followed.

The defendant answered, denying that there was any mistake, and alleging that she had intended to buy, and the plaintiffs had intended to sell, the land described in the deed from G. B. Greenhaw to his son.

The following order of reference was made: "This cause being presented to the court, *the court by consent of the parties* appointed H. L. Watts as referee to survey the land in the controversy, make plats of same, take and hear proof, *and make*

*and file his report of his findings to the next term of this court,*
and H. L. Watts appeared in court, and was sworn and qualified
as such referee, and entered upon the duties of his office as
such."

The referee, after hearing evidence pro and con, made the
following report:

"To the Hon. E. G. Mitchell, Judge of the Searcy Circuit
Court, Fourteenth Judicial District of Arkansas: In the matter
pending in the Searcy Circuit Court, wherein F. P. Greenhaw
and G. B. Greenhaw are the plaintiffs and Gertrude Combs ·
is ·defendant, as referee appointed by your Honor, I find as
follows:

"That G. B. Greenhaw conveyed, by mistake, to F. P.
Greenhaw land which he did not intend to convey; and that said
mistake was copied into the transfer from F. P. Greenhaw to
Gertrude Combs, the defendant. The land erroneously conveyed
is described thus: Beginning at the southeast corner of the
town of Marshall, in section 25, township 15 north, range 16
west; thence south 9 degrees 32 minutes east 6.99½ chains;
thence north 84 degrees 3 minutes east 1.35¾ chains; thence .
north 15 degrees 45 minutes west 4.04 chains; thence north
26 dgrees west 3.21 chains to. beginning, containing .55 acres.
That the lands intended to be conveyed by G. B. Greenhaw to
F. P. Greenhaw and which were afterwards conveyed by the
latter to Gertrude Combs are described thus: Beginning at the
aforesaid southeast corner of the town of Marshall, thence south
26 degrees east 3.21 chains; thence south 15 degrees 45 minutes
east 4.04 chains; thence north 84 degrees 3 minutes east 3.26½
chains to A. J. Redwine corner in slough; thence north 31 degrees ·
30 minutes west 7.72 chains; thence south 84 degrees 3 minutes
west 1.71½ chains to the place of beginning, containing 1.65
acres. All courses herein given are in reference to the magnetic
meridian. That the defendant believed that she was buying
title to all the land within the boundaries described in F. P.
Greenhaw's deed to her, towit: 2.20 acres, which was at a cost
of $68.18 per acre. Therefore, I find that the deed of G. B.
Greenhaw to F. P. Greenhaw and that of F. P. Greenhaw to
Gertrude Combs should be reformed so as to describe the lands
intended to be conveyed in the outset, and as described herein

above, and also shown on the plat herewith appended. That F. P. Greenhaw pay to defendant the sum of $37.50, the value of the lands which defendant is deprived of by the reformation of her deed. I leave the matter of the costs in this case to be fixed by the court."

The court dismissed the complaint for want of equity, but rendered judgment against defendant for costs. The plaintiff appealed from the decree dismissing his complaint, and the defendant appealed from the judgment for costs against her.

*Rose, Hemingway & Rose,* for appellants.

The referee having been agreed upon by the parties, his findings are conclusive. 155 U. S. 636; 3 Dall. 321; 12 How. 60; 9 Wall. 125; 18 Wall, 237; 98 U. S. 440; 129 U. S. 512; 144 U. S. 585; 145 U. S. 132.

*G. J. Crump,* for appellee.

WOOD, J., (after stating the facts). The consent order of reference contemplated nothing more than a finding of facts by the referee. The referee was a surveyor, and the order directed him "to survey the land in controversy, make plats of the same, take and hear proof, and make and file report of his findings at the next term of court." But if the parties contemplated by the use of the word "findings" both a finding on the facts and the law, there is nothing to indicate a consent to be bound by these findings.

The findings of fact by a consent referee have the same conclusiveness as the verdict of a jury or the findings of fact by a court sitting as a jury. *Davis* v. *Schwartz,* 155 U. S. 636; *Crawford* v. *Neal,* 144 U. S. 585; *Furrer* v. *Ferris,* 145 U. S. 132; *Kimberly* v. *Arms,* 129 U. S. 512. Where there is any testimony legally sufficient to support such findings, they will not be set aside. Authorities *supra.*

There is no controversy here as to the correctness of the findings of facts by the referee. It is contended that the chancellor erred in not treating as conclusive the finding of the referee "that the deed of G. B. Greenhaw to F. P. Greenhaw and that of F. P. Greenhaw to Gertrude Combs should be reformed so as to describe the lands intended to be conveyed in the outset (by Greenhaw) and as described herein above and

also shown on the plat herewith appended." There would be more plausibility for such contention if the matter by consent had been referred as was the case of *Kimberly* v. *Arms, supra,* with power *"to hear the evidence and decide all issues between the parties* and make his report to the court, separately stating his findings of law and fact," etc. Even in that case the Supreme Court of the United States said that the findings of the master, "like those of an independent tribunal, are to be taken as presumptively correct, subject indeed to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, *or in the application of the law,* but not otherwise." *Kimberly* v. *Arms, supra,* p. 524. In that case it will be observed that the reference was to a lawyer, and he was *"to decide all the issues between the parties,"* etc. In *Davis* v. *Schwartz,* 155 U. S. 631, the case was referred to a master "to report, not the evidence merely, but the facts of the case, and his conclusions of law thereon." The court said: "His finding, so far as it involves questions of fact, is attended by a presumption of correctness similar to that in case of a finding by a referee, the special verdict of a jury," etc., and the court found that there was nothing to show that the "findings of fact were unsupported by the evidence," and hence treated them as conclusive, but the court in that case did not treat the conclusions of the master on the law as conclusive. On the contrary, these findings were all, save one, overruled. See *Davis* v. *Schwartz, supra,* pp. 635, 647.

Guided by these principles, the findings of fact by the referee in the case at bar were amply supported by the evidence; but his finding or conclusion of law was erroneous, and the court properly refused to sustain such conclusion. It was not claimed that any fraud was perpetrated by appellee in securing the deed. The findings of fact show that she "believed that she was buying title to all the lands within the boundaries described in F. P. Greenhaw's deed to her." The findings of facts also show that Greenhaw "conveyed by mistake land which he did not intend to convey." According to these findings, there was no mutual mistake. The mistake was by only one of the parties; appellee got a deed to the lands she thought she was buying, while appellant gave a deed to land that he did not think he was selling. In such case there can be no reformation. In *McGuigan* v. *Gaines,* 71 Ark.

p. 619, this court said: "It is not claimed that any fraud was perpetrated in this case; and to entitle the parties to reform a deed on the ground of mistake merely it must be clearly shown that the mistake was common to both parties, and that the deed as executed expresses the contract as understood by neither."

The chancellor having found that there was no equity in appellant's bill, and, there being nothing in the record to discover that appellee, and cross-appellant, was in the wrong in any manner in the defense of the suit that was brought against her, nothing to show that appellant incurred any costs that were not incident to his own ill-advised suit, we do not see any reason for assessing costs against her, and we think the chancellor erred in so doing.

The decree dismissing appellant's complaint for want of equity is affirmed. The decree against appellee and cross-appellant for costs is reversed, and judgment will be entered here in her favor for costs.

McCULLOCH, J., not participating.