RICHARDSON *et al.* v. HARSHA.

No. 801, Ind. T.    Opinion Filed November 11, 1908.

(98 Pac. 897.)

ASSOCIATIONS—Property—Title in Name of President—Transfer.
The town-site commission of the city of Muskogee, acting under authority of an act of Congress, scheduled a certain lot or parcel of land claimed by an individual to the president, as trustee, for an unincorporated voluntary association. The individual claimant executed a deed of such property to a church. The association passed a unanimous resolution instructing its trustee to make a like conveyance. The president, as trustee, took possession of a portion of such lot, and refused to make the conveyance. Held, that it was the duty of such trustee to yield possession and make the conveyance, and on refusal the court may decree the same on the complaint of the grantee.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by H. E. Richardson and others, Trustees of the Cumberland Presbyterian Church of Muskogee, against Laura E. Harsha. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

The plaintiffs in this suit are the trustees of the Cumberland Presbyterian Church, a religious organization, and as such trustees empowered with the right and duty of acquiring and holding the title to such real estate as may be acquired for the use of the church. The defendant is the president of the Woman's Christian Temperance Union of Muskogee. The controversy be-

tween them grows out of a dispute over the title and possession of a portion of a lot in the said city. There is little dispute over the facts, which appear to be substantially as follows: In 1891 Robert L. Owen held the possessory right to a certain tract or lot of land in the town of Muskogee, afterward known as lot 1, block 390. On June 13, 1891, at a meeting of the W. C. T. U., the following resolution was unanimously adopted:

"Muskogee, June 13, 1891, W. C. T. U. met at the residence of Mrs. Pasco. The meeting was opened with singing and prayer. Number of members present five. Mrs. Harsha president. Mrs. Brasel, Pasco, Edmonston and Thomas. Minutes of the last meeting were read and approved. No committee present to report. The one important subject before the society being the reading room, the president announced the reception of a deed from Mr. Charles Garrett to the lot on which we propose to erect a reading room. The president read the deed to the society. The president being dissatisfied with certain clauses in the deed, had previous to the meeting, visited Mr. Robert L. Owen, for his opinion of the deed. He also found some objections, and gave her some modifications to be inserted on or in the deed, but he said, 'In case Mr. Garrett refuses to do that, I will give you a lot without restriction, near Harrell Institute.' The members present unanimously, agreed, although the lot seems further from the business center, that it would be wisest to accept his gift, feeling that the hand of God is leading their work in his own good way. Jennie Brasel, Rec. Sec."

Ten days thereafter, and on June 23, 1891, the same body met again. The record shows that at this meeting, the minutes of the previous meeting were accepted, although the record shows that there was a "very small attendance, but those present voted to accept Mr. R. L. Owen's gift without delay, and a committee of Mrs. Spaulding and Brasel was appointed to accompany the president to confer with Mr. Owen before another meeting. Mrs. Spaulding was selected trustee for the lot and building." The evidence discloses that the committee appointed waited upon Mr. Owen, who, on June 24, 1891, executed to Josephine C. Spaulding, trustee of the W. C. T. U., the following transfer:

"Muskogee, Indian Territory, June 24, 1891.    Know all men by these presents, that I, Robt. L. Owen, for and in consideration of $1.00, the receipt of which is hereby acknowledged do hereby sell, convey and transfer all my right, title, and interest and hereby quitclaim unto Josie C. Spaulding, trustee for the Woman's Christian Temperance Union, one certain tract and parcel of land in the town of Muskogee, described as follows: Beginning at a point in the southwest corner of the lot purchased by me of Joshua Ross and wife on the east edge of the present Institute street thence with a line northward thirty feet, thence eastward on a line parallel with Okmulgee street fifty feet, hence parallel with Institute street southwardly thirty feet thence to the point of beginning making a lot thirty by forty feet, to have and to hold forever.    [Signed] Robert L. Owen."

The Woman's Christian Temperance Union went into possession of this plot of ground and erected thereon a two story building, which it has continued to occupy and use from that time until the trial of this case.

Thereafter, and about the time of the appointment of the townsite commission, whose duty it was to appraise and schedule the lots in the city of Muskogee to the proper parties, the testimony discloses that an arrangement was entered into between Mr. Owen and Mrs. Spaulding, the trustee for the W. C. T. U., that the entire lot No. 1, block 390, should be scheduled to the trustee, and that thereafter she should quitclaim to him or his assigns all of that portion thereof which had not previously been conveyed by him to her as such trustee.    When the commission met, it was called on by Mrs. Harsha, president of the W. C. T. U. for the purpose of securing a patent to the property claimed by the association above described.    She was informed by the official in charge that Mr. Owen could not lawfully have this lot scheduled to him in the way proposed; the reason assigned being his other holdings in the city.    Thereupon the town-site commission scheduled the entire lot to Mrs. Harsha as trustee for the W. C. T. U., and a deed as follows was delivered to her:

"To all to Whom These Presents Shall Come—Greeting:

"Whereas, a town-site commission, heretofore appointed and

acting under authority of the act of Congress approved March 1, 1901, c. 676, (31 Stat. 861,) agreement ratified by the Creek Nation May 25, 1901, has appraised the lots in the town of Muskogee, Muskogee (Creek) Nation, Indian Territory: and

"Whereas, the plat of said town was approved by the Secretary of the Interior on the 4th day of June, 1900, and was duly placed on file; and

"Whereas, said commission has appraised all of the town lots included in said plat at their true value, excluding improvements, which appraisal has been approved by the Secretary of the Interior; and

"Whereas, the said commission has awarded the real estate described herein below to Laura E. Harsha, trustee of the Woman's Christian Temperance Union Association, who has paid thirty ($30.00) dollars, the full amount of the purchase price, into the treasury of the United States, to the credit of the Muskogee or Creek Nation of Indians, with the United States Indian Agent, at Muskogee, Indian Territory, and is, therefore, entitled to a patent:

"Now therefore, I, the undersigned the Principal Chief of the Muskogee (Creek) Nation do, by virtue of the power and authority vested in me by the aforesaid act of Congress of the United States, hereby grant, sell and convey unto the said Laura E. Harsha, trustee of the Woman's Christian Temperance Union Association, and successors, forever, all the right, title and interest of the Muskogee (Creek) Nation, aforesaid, in and to lot numbered 1, block numbered 390, in the town of Muskogee, Muskogee (Creek) Nation, Indian Territory, and according to the plat thereof on file, as aforesaid.

"In witness whereof, I, the Principal Chief of the Muskogee (Creek) Nation have hereunto set my hand and caused the Great Seal of the said Nation to be affixed at the date hereinafter shown.

"Date October 5, 1901.                    P. PORTER,.

"Principal Chief of the Muskogee (Creek) Nation.

"[Great Seal.]

"Department of the Interior,

"Approved January 10, 1902.

"Thos. Ryan, Acting Secretary."

It developed from the testimony that it was the understanding between the committee of the W. C. T. U. and Mr. Owen that

in making his gift to the association of one-fourth of this lot the remainder was to be his, and that after the title was secured, it was to reconvey it to him or his grantee. The appraised value of the lot, as is seen from the deed given by P. Porter to Laura E. Harsha, was $30, and of this $30 Mrs. Harsha for the association paid one-fourth, and Mr. Owen paid three-fourths, which payment on his part was refunded him by the plaintiffs in this suit. At or about the time of the platting of the town, and the payment made for the appraisement of the lot, as above set out, it developed that the building constructed by the association extended into the alley or street, whereupon Mrs. Harsha, who was president, Mrs. Spaulding trustee and Mrs. Brasel, who was secretary, of the W. C. T. U. called upon Mr. Owen at the First National Bank, and it was there agreed that he should enlarge his original grant, making it 30 by 70 feet, and Mr. Owen testifies that it was there agreed that he should deed to the Cumberland Presbyterian Church the balance of the lot for $400, plus the amount which he had paid on the appraisement thereof, making a total of $422.50; the estimated value of the property which he then conveyed being $1,-200, his intention being, as he stated, to give to the church $800. In keeping with this, and on the 7th day of February, 1902, he executed to the ruling elders of the said church, who are the plaintiffs in this action, the following conveyance:

"Know all men by these presents, that I, Robert L. Owen, do hereby quitclaim all my right, title and interest, unto H. E. Richardson, W. D. Kelton, J. M. Nance, ruling elders of the Cumberland Presbyterian church of the city of Muskogee, Indian Territory, and their successors in office for the use and benefit of such church for church purposes (it being understood and agreed that in the event of said lot being used for other than church purposes it shall revert to the grantor herein) in and to so much of lot 1, block 390, as has not heretofore been granted by me to the Woman's Christian Temperance Union, to wit: That portion of said lot where their present building stands and ten feet from said building on the north and east of their building, estimated at thirty by seventy feet more or less for and in consideration of the sum of four hundred and twenty-two dollars and fifty cents ($422.-

50) the receipt of which is hereby acknowledged. [Signed] Robert L. Owen."

Thereupon the association met, and the record shows that on June 19, 1902, the trustee by unanimous vote was instructed to convey the property in dispute to the Cumberland Presbyterian Church. On July 3, 1902, the minutes containing the resolution above referred to were read and unanimously adopted. In accordance with this resolution Josephine C. Spaulding, the trustee of said association, executed and delivered a deed to plaintiffs herein all of that portion of the lot not included in the conveyance from Mr. Owen to the W. C. T. U.

The immediate cause of the controversy herein is alleged in plaintiffs' petition to be that on the 13th day of June, 1904, Mrs. Laura E. Harsha, through her agent, unlawfully and forcibly tore down the fencing of said lot claimed by the church, and moved thereon a large two-story frame building known as the "Woman's Christian Temperance Union's Building," and that she was thereby seeking by force an unlawful means to eject the plaintiffs from and to take possession of the lot forcibly and unlawfully, and an injunction was asked restraining her from pursuing such course. To this complaint the defendant filed answer and cross-complaint, in which she disclaims any interest whatever in the property mentioned in plaintiffs' complaint, in her individual capacity, but, as trustee, named in the deed, she claimed to be the owner in fee simple of all of lot 1 in block 390, in the city of Muskogee, Ind. T., as surveyed and platted by the town-site commission, by virtue of the patent executed to her, above set out. She further denied that the plaintiffs were the owners of the lot above described, or any portion of it, but that the plaintiffs had attempted to get possession thereof through the school board of Muskogee, by getting them to build a house on the same. For cross-complaint, she states that she held a patent to the entire lot, and that the deed made by Robert L. Owen and the deed made by Josephine C. Spaulding to the plaintiffs were executed without authority of law and conveyed

no title, but were a cloud upon the title which defendant held as trustee, and prayed that the same be canceled.

In answer to defendant's cross-petition the plaintiffs denied specifically the allegations set forth therein, denying the validity of the deeds referred to, and further answered as follows:

"That in the year 1891 Robert L. Owen was in the lawful and peaceable possession of the tract of ground which is now marked and designated upon the plat of the town of Muskogee, as 'Lot one (1) in block three hundred and ninety (390)'; that by and with the consent of said Robert L. Owen, the Woman's Christian Temperance Union was permitted to erect upon the southwest part of said tract of ground the two story frame building which now stands thereon, and which has ever since been known as the 'Woman's Christian Temperance Union Hall'; that said building as originally constructed was some 15 or 20 feet south of where it now stands; that the permission granted by the said Robert L. Owen to said association to erect said buildings upon said tract of land was given by him gratuitously, no consideration whatever being paid by them to him for said permission, excepting that it was then agreed and understood by and between them that, whenever the title could be acquired to said tract of ground, Robert L. Owen, would execute whatever conveyance was necessary to said association for the ground upon which their building actually stood, and that they would execute to him whatever conveyance or acquittance was necessary to release any claim, or color of claim, of said association to the remainder of said tract, and that the said association and the members thereof first acquired possession of said tract of ground by the permission of and under the said Robert L. Owen, and have ever since the year 1901 been holding the same under the said Robert L. Owen by virtue of said permission and consent; that pursuant to the agreement between the said association and said Robert L. Owen, said association proceeded to elect Mrs. Josephine C. Spaulding, who was a citizen of the Creek Nation (it being then supposed that it was necessary to have the property in the name of a citizen) trustee for said Woman's Christian Temperance Union, and Robert L. Owen executed to said Josephine C. Spaulding a quitclaim deed to a portion of the hereinbefore mentioned tract of ground, in the southwest corner thereof, fronting 30 feet on what is now C. street and running back between parallel lines a depth of 50 feet; that after the ratification of the

agreement between the United States of America and the Creek Nation, providing for the scheduling and the appraisement of town lots in the Creek Nation, Laura E. Harsha, without the knowledge or consent of either Robert L. Owen or Josephine C. Spaulding, and without any authority from the Woman's Christian Temperance Union so as to do, procured the town-site commission for the town of Muskogee Ind. T., to schedule and appraise lot 1 in block 390 to the said Laura E. Harsha, as trustee, and has since procured the deed or patent thereto hereinbefore recited, and that the said Robert L. Owen was not aware that such was the case until after said patent had actually been issued to said Laura E. Harsha, but that after he became aware of the issuance of said patent, it was still the understanding beween the said Robert L. Owen and the officers and members of the Woman's Christian Temperance Union, and with the said Laura E. Harsha, that they proposed to carry out their original agreement with the said Robert L. Owen, and that they did not assert any claim to any portion of said tract of ground, except that part which Robert L. Owen had originally quitclaimed to Josephine C. Spaulding, as hereinbefore recited; that, relying upon this agreement and understanding with said association and with the members thereof and with the said Laura E. Harsha, the said Robert L. Owen, on the 8th day of January, 1902, executed and delivered to the plaintiffs herein a quitclaim deed to all of lot 1 in block 390 except 30 by 70 feet, in the southwest corner thereof, being a portion of said lot upon which said Woman's Christian Temperance Union Building then stood, and 10 feet north thereof, for a consideration of $422.50, actually paid by the plaintiffs at the time; that subsequently, in pursuance of the understanding and agreement which had existed for 11 years prior thereto, the said Woman's Christian Temperance Union of America met, at which meeting the said Laura E. Harsha was present, and in which she participated, and the resolution was unanimously passed authorizing their trustee, who was then, and has always been, and still is, Josephine C. Spaulding, to execute to the plaintiffs, for and on behalf of said association, a warranty deed to the same portion of lot 1 in block 390, which Robert L. Owen had conveyed to these plaintiffs, copy of which resolution is attached hereto, marked 'Exhibit A,' and made a part hereof; that pursuant to said resolution the said Josephine C. Spaulding executed a warranty deed to the plaintiffs herein for said parcel of ground, copy of which deed is at-

tached to defendant's cross-complaint, marked 'Exhibit C'; that even though the patent issued to the said Laura E. Harsha by the town-site commission may have had the effect of transferring the naked legal title to said ground to the said Laura E. Harsha, neither the said Woman's Christian Temperance Union had ever at any time prior thereto indicated in any way that they were holding said ground other than under the said Robert L. Owen, and pursuant to their agreement with him, and that the Woman's Christian Temperance Union Association and the said Robert L. Owen were in equity the real owners of said property, and the beneficiaries of said deed, and that they had in equity a right to demand a conveyance of the legal title from the said Laura E. Harsha to them; that all right, title, and interest of the said Robert L. Owen and of the said Woman's Christian Temperance Union Association has by virtue of the deeds hereinbefore recited from Robert L. Owen and Josephine C. Spaulding to the plaintiffs in this action, and that they are entitled to have the conveyance of the legal title to said premises by the said Laura E. Harsha; that, as hereinbefore recited, the building owned by the said Woman's Christian Temperance Union Association has been moved so far north from where it originally stood that it extends upon that portion of lot 1 in block 390, now owned by the plaintiffs in this action a distance of several feet and that plaintiffs are entitled to have said structure removed from the portion of said lot owned by them."

Whereupon they prayed that a decree be entered "adjudging and decreeing the plaintiffs herein entitled to all that portion of lot 1 in block 390 conveyed to them by the deed of Robert L. Owen and Josephine C. Spaulding and that no other person has any right thereto, and requiring and compelling the said Laura E. Harsha to execute in due form of law a conveyance conveying to the plaintiffs in this action as ruling elders in, and as trustees for, the Cumberland Presbyterian Church, in Muskogee, Ind. T., the legal title to said premises; that the court make and enter a decree requiring the defendant, Laura E. Harsha to remove from that portion of lot 1 in block 390, now owned by the plaintiffs in buildings and structures placed thereon by her, and that she be enjoined and restrained forever from further interfering with

these plaintiffs in the possession, use, enjoyment, and control of that portion of lot 1 in block 390, embraced in the deeds from Robert L. Owen, and Josephine C. Spaulding to these plaintiffs."

Upon the issues thus being made up, the court referred the case to Thomas A. Sanson, master in chancery, to take evidence and report with conclusions. The report of the findings of fact, and conclusions of law based thereon, is as follows:

"(1)   I find that the Woman's Christian Temperance Union Association of Muskogee is an organization of women of the various Christian denominations of the city of Muskogee, organized for the purpose of promoting Christianity and the cause of temperance, and that it was organized in Muskogee in the year 1888, and has never been incorporated.

"(2)   I find that on the 23d day of June A. D. 1891, that this organization or association, at a regular meeting of the same, elected and selected Mrs. Josephine C. Spaulding, of Muskogee a citizen of the Creek Nation, its trustee, for the purpose of acquiring a lot in Muskogee upon which to erect a building for the association, and that on the same day the association voted to accept the gift of a lot, located near Harrel Institute, from Robert L. Owen.

"(3)   I find that on the 24th day of June A. D. 1891, that the said Robert L. Owen sold, conveyed, transferred, and quit-claimed to the said Josephine C. Spaulding, trustee for the Woman's Christian Temperance Union, a part of the lot in controversy in this suit, described as follows:  'Beginning at a point in the southwest corner of the lot purchased by me of Joshua Ross and wife, on the east edge of the present Institute street southwardly thirty feet; and thence parallel with Institute street southwardly thirty feet, and thence to the point of beginning, making a lot 30 by 50, to have and to hold forever'—for a consideration of $1.

"(4)   I find that the said Robert L. Owen was in the lawful possession of the premises granted, and that the Woman's Christian Temperance Union Association, took possession of the said lot under this conveyance and built a two-story building.

"(5)   I find that the said Robert L. Owen was at the time in possession of other adjoining property not included in this conveyance and that the property conveyed and this adjoining prop-

erty were afterwards platted as lot No. 1, in block No. 390, in the city of Muskogee, by the Muskogee Town-Site Commission.

"(6)   I find that Mrs. Josephine C. Spaulding was elected trustee as aforesaid on June 23, 1891, because it was then supposed that the property of the association could only be held by a Creek citizen, and that Mrs. Spaulding was a citizen of the Creek Nation, and that she has ever since been the duly elected trustee of the association, for the purpose of acquiring and holding its property.

"(7)   I find that at the time the Muskogee Town-Site Commission were scheduling and appraising lots in the city of Muskogee, and laying that city off into lots, blocks, streets, and alleys, they platted the premises conveyed by Robert L. Owen to Mrs. Josephine C. Spaulding as trustee for the Woman's Christian Temperance Union Association, together with adjoining property in the lawful possession of Robert L. Owen, as lot No. 1, block No. 390; and, when this was done, it was agreed between the Woman's Christian Temperance Union Association of Muskogee, and the said Robert L. Owen, that they · (the association) would schedule the lot upon which their building stood, together with the adjoining property of Robert L. Owen, all of which has been platted as lot No. 1, in block 390, in the name of their trustee, and that afterwards they would convey or quitclaim to Robert L. Owen or his assigns all of the lot with the exception of that part upon which their building stood, and which had theretofore been conveyed to them by Mr. Owen, and at that time Mr. Owen enlarged his previous grant and conveyance, so that their lot should be 30 feet by 70 feet.

"(8)   I find that acting under this agreement and arrangement, the association paid the Creek Nation, through the United States Indian agent, one-fourth of the amount due upon the appraised value, and the said Robert L. Owen three-fourths of the appraised value of the said lot.

"(9)   I find that the Muskogee Town-Site Commission listed, scheduled, and appraised the said lot No. 1, in block 390, being the lot in controversy, to Laura E. Harsha, trustee of the Woman's Christian Temperance Union Association of Muskogee, instead of to their duly elected trustee, Mrs. Josephine C. Spaulding; and that on October 5, 1901, P. Porter, Principal Chief of the Muskogee, or Creek Nation, executed a deed or patent therefor to the said Laura E. Harsha, and that the same was approved on January

10, 1902, by Thomas Ryan, Acting Secretary of the Interior, and thereafterwards delivered to the defendant, Laura E. Harsha.

"(10)   I find that on February 7, 1902, Robert L. Owen by his certain instrument in writing conveyed and quitclaimed all of his right, title, and interest in and to said lot, to the plaintiffs as ruling elders and trustees of the Cumberland Presbyterian Church of Muskogee, for church purposes, excepting from this conveyance the lot 30 feet by 70 feet, which had previously been granted by him to the association for a consideration of $422.50.

"(11)   I find that on June 19, 1902, at a regular meeting of the Woman's Christian Temperance Union Association of Muskogee, a resolution was unanimously adopted, directing and instructing the trustee, Mrs. Josephine C. Spaulding, to execute and deliver to the Cumberland Presbyterian Church of Muskogee, a deed to all that part of lot No. 1, in block 390, in the city of Muskogee, not included in the deed from Robert L. Owen to the Woman's Christian Temperance Union Association.

"(12)   I find that on July 5, 1902, that the said Josephine C. Spaulding, as such trustee, acting under such resolution and authority, executed and delivered to the plaintiffs, as such ruling elders and trustee, a warranty deed to all of lot No. 1, in block 390, excepting therefrom 30 by 70 feet in the southwest corner of said lot and that said deed was duly recorded.

"(13) I find that the Woman's Christian Temperance Union Association of Muskogee are desirous of complying with the agreement made by them with the said Robert L. Owen, and have done all in their power to carry the same into effect, but that the wishes of the association have been frustrated by the defendant, who caused their property to be scheduled, deeded, and appraised to her as trustee, without the authority, knowledge, or consent of the other members of the association.

"(14) It has been urged by counsel for defendant that Robert L. Owen had scheduled and appraised to him directly more land than he was entitled to lawfully claim and hold under the provisions of the treaty (exclusive of this property in controversy) in the city of Muskogee, and therefore could not hold the property in controversy himself, or through another; but I cannot so find from the testimony in this cause.

"Conclusions.

"From the foregoing facts, I am of the opinion and conclude:

"(1)   That the defendant Laura E. Harsha, as trustee, holds

the legal title to lot No. 1, in block No. 390, in the city of Muskogee, in trust: As to 30 feet front by 70 feet in depth in the southwest corner of said lot, for the Woman's Christian Temperance Union Association of Muskogee.

"(2) As to the balance of said lot, that she holds the legal title thereto as trustee, in trust, for the Cumberland Presbyterian Church of Muskogee, Ind. T., and that the same should be ordered conveyed by defendant to plaintiffs, as ruling elders and trustees for said church.

### "Recommendations.

"I, therefore, recommend that the court make and enter a decree herein, directing the defendant, Laura E. Harsha, as such trustee, to convey to the plaintiffs, as ruling elders and trustees of the Cumberland Presbyterian Church of Muskogee, Ind. T., all of said lot No. 1, in block No. 390, with the exception of 30 feet by 70 feet in the southwest corner thereof, and that upon her failure to do so a commissioner of this court be ordered to execute and deliver the same, that plaintiffs be placed in possession of that part of said lot, and defendant's building removed therefrom, and that the defendant be perpetually enjoined from interfering with plaintiffs' possession to same."

To this report the defendant filed a number of exceptions; and on a hearing thereof the court sustained the same, and entered a decree providing that plaintiffs' take nothing by their suit, and that the title to the property in controversy be declared to be in the defendant, Laura E. Harsha, trustee of the Woman's Christian Temperance Union of Muskogee, Ind. T., in addition to setting aside and cancelling the deeds of Robert L. Owen and Josephine C. Spaulding to the same. From this judgment the plaintiffs appealed to the United States Court of Appeals of the Indian Territory, and the case comes to this court for our consideration under the terms of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267) and Schedule of the Constitution.

*R. P. De Graffenried* and *Preston C. West,* for appellants.
*N. B. Maxey* and *Cook & Hyams,* for appellee.

DUNN, J.( after stating the facts as above). The question for

us. to determine is whether or not the court erred in setting aside the findings of the master and his conclusions thereon. It is laid down in numerous decisions that, while a court is in nowise bound by the conclusions of law to which a master or referee arrives, his findings of fact are entitled to the same conclusiveness as a special verdict of a jury; and, where there is any testimony legally sufficient to support such findings, they will not be set aside. *Greenhaw et al. v. Combs,* 74 Ark. 336, 85 S. W. 768; *Kimberly v. Arms,* 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; *Rainwater-Bradford Hat Company et al. v. McBride et al.,* 3 Ind. T. 621, 64 S. W. 556; *Hope v. Bourland,* 21 Okla. 864, 98 Pac. 580. We have read the record with care and attention, have endeavored to give the proper probative value to the testimony contained therein, and, weighing the findings of fact made by the master by the evidence, it is our judgment that they are sustained thereby. There is but little dispute upon the facts which control in the case, and most of these we have set out in our statement. Upon the findings of the master and the undisputed evidence before us must the determination of this court be based.

From these things, as is seen, it substantially appears that the Woman's. Christian Temperance Union is an unincorporated voluntary association, existing in the city of Muskogee; its purposes, as is generally known, being for the promotion and fostering of temperance and morality. As such an association, while it may not hold real property in its name, it has the power to appoint trustees in whom title to such real property as it may own may be vested. *Colley v. Wilson,* 86 Mo. App. 396; *Liggett v. Ladd,* 17 Or. 89, 21 Pac. 133, 24 Am. & Eng. Ency. of Law, pp. 360-361. Such is the doctrine generally laid down in the adjudicated cases wherein this question has arisen, and which is declared in the case of *Liggett v. Ladd, supra*:

"Mere voluntary associations, however, can not take the title to real property in their society name, as they are not in law regarded persons, but it may be held for their use and benefit by trustees, and their right to the enjoyment of the property be secured in that way."

Acting under this power, by resolution at one of its meetings, it agreed to accept, as a gift from Robert L. Owen, a portion of lot No. 1, in block No. 390, of the city of Muskogee, and in keeping with this resolution it took from him a conveyance of this property, and on it erected the two-story building mentioned heretofore. The balance of the lot continued to remain the property of Robert L. Owen until he made an arrangement to convey the same to the Cumberland Presbyterian Church, which was put into possession thereof. The school district in which the lot was situated erected a building thereon, which was used by the church, in conjunction with the school, for church purposes. There can be no doubt from the record in this case that it was not the intention of the Woman's Christian Temperance Union, when it went upon the land deeded it by Mr. Owen, to claim the balance of the property in the same lot adversely to him or his assigns, and there can be no question but that it was the understanding between all parties that the church should ultimately have the balance of the lot. This understanding would unquestionably have been carried out without friction had it not been that, at the time of the scheduling and appraisement of this property, the officers in charge of the same informed the president of the society that the balance of the lot could not be scheduled to Mr. Owen, nor for his benefit by reason, as was stated, of the conclusion on their part that he had at that time already scheduled to him all of the property within Muskogee permitted by law. Thereupon the president of the society had the same scheduled to herself as trustee for the said society. She was doubtless prompted to this by the belief that, did she not do so, both Mr. Owen and the society would lose the property. Acting upon this, she had the entire lot scheduled to herself as trustee for the society, in due time receiving the patent therefor. In keeping with the previous arrangement, however, the society paid one-fourth of the appraisement upon the lot and the Cumberland Presbyterian Church, through Mr. Owen, paid three-fourths, and, in keeping with the previous arrangements,

Mr. Owen executed his deed of conveyance to the Cumberland Presbyterian Church, and the society of which Mrs. Harsha was president passed a resolution that their trustee should likewise convey all of that portion of the lot not then held by it to the church. It appears from the evidence that Mrs. Spaulding was originally selected for trustee for the lot presented to the society by Mr. Owen, and, complying with the resolution, she executed the deed in question to the church, which was in possession of and occupying the lot at that time. So that it appears the society, Mrs. Spaulding, and Mr. Owen are all desirous of carrying out the previous arrangement with the church, and that the president of the society, who secured title to the lot in herself, as above set forth, alone is contesting the right of the church to the possession and title of the property. Under these conditions we will first inquire as to the status of the title and ownership of the portion of the lot claimed by the church.

Property owned by an unincorporated, voluntary association belongs to the association. It belongs to the entity or the institution brought into existence by the association of the people constituting it. Such an organization is not a partnership or a corporation, although it has some of the elements of both. By becoming a member of it one takes an interest in the property owned by it, but by leaving it he leaves this interest behind him in those who continue as members of the organization. *Scheller Commandery, etc., v. Jaennichen,* 116 Mich. 129, 74 N. W. 458; *Altmann et al. v. Benz et al.,* 27 N. J. Eq. 331; *Ostrom v. Greene.* 161 N. Y. 353, 55 N. E. 919. Hence we see from this that the president of the society in her individual capacity has absolutely no title whatever to this property; that the society as a body has the absolute right to control its disposition. Much space is devoted in the briefs of counsel in arguing the question as to whether or not a trust resulted for the benefit of Mr. Owen, and whether or not there was sufficient competent evidence to establish the same, and whether or not such relationship could legally be established, considering the hypothesis that more property had been scheduled

to him than he could lawfully take, but to our minds, this question is immaterial when we take into consideration the fact that this property did not belong to Mrs. Harsha, that she had no individual interest in it, but that it was either the property of Mr. Owen, or of the society, with herself as trustee. If it was, in fact, Mr. Owen's, then he had a right to direct its transfer and to require her, as his trustee, to execute a deed to the same. If, as is contended by counsel for Mrs. Harsha, it did not belong to Mr. Owen, but belonged to the society, then the society had a right to control it and direct its alienation, and it or its grantee would have a right on proper resolution, duly passed, to require its trustee to execute a deed of conveyance. Washburn on Real Property, vol. 2, § 1503. Trusts of the character established in Mrs. Harsha are what are known as "simple or dry trusts," and Mr. Washburn, in the section of his work cited above, has this to say about the right of the *cestui que trust* to direct a conveyance on the part of his trustee:

"Where it is a simple or dry trust, courts of equity will give the *cestui que trust* possession, or require the trustee to convey the estate as the *cestui que trust* may direct. But a trustee can only be divested of his right of possession by a decree of a court of equity. If trusts are passive, the *cestuis qui trust* have a right to control the estate; if active, then the trustees. Passive trustees cannot recover the land from the possession of the *cestui que trust* or his assignee, and such *cestui que trust* may compel the trustee to convey the estate for his benefit."

Did not the conveyance from the society and Owen of their interest in the property to the church constitute Mrs. Harsha the trustee of the naked legal title for the church? If so, is it not clear that it could require her to make conveyance? In the case at bar the society, to the extent that it is possible, considering the attitude of its president, has conveyed all of its title in and to this property to the church. The property cost the society nothing. It had not a dollar invested in it. The church through Mr. Owen paid the appraisement, and if, as is seen, the society is the owner of it, Mrs. Harsha, its president, cannot deprive it of its inherent right of alienation.

Some objection is made to the validity of the resolution to bind the society, owing to the fact that but a small percentage of the membership of the order were present at the time of the reso- lution directing the conveyance was passed. There is no evidence in the record showing the terms of the by-laws or constitution of the society upon the question of a quorum. The evidence shows that the resolution was passed unanimously. We believe that, in the absence of any evidence showing the rule of the association, the law obtaining is as laid down in 23, Am. & Eng. Ency. of Law, p. 589, wherein it is held:

"A body indefinite as to number may act by a majority of the members present at any legal meeting, no matter how small a proportion they may constitute of the whole number entitled. to be present."

See authorities cited, note 2. A quorum is, to all intents and purposes, as much the body to which it pertains as if every member were present. From the evidence in this case it appears that but few members were in the habit of transacting business. For instance, there were but five present, as was shown by the evidence on the occasion of accepting the proposition made by Mr. Owen to deed to the society the portion of the lot owned by it. On the occasion that the resolution was passed under which Mrs. Spaulding made the transfer to the church, there were but seven present; and on the occasion of the approval of .the minutes of the meeting at which this action was taken there were nine present. The membership of the organization was variously estimated to be from 20 to 100, both of these being merely estimates.

Under this view of the case, it is our judgment that the decree of the district court should be reversed and set aside. The cause .is accordingly remanded to the District Court of Muskogee county, and the court is hereby directed to enter one in accordance herewith, under the provisions of sections 2633 and 2634 of the Annotated Statutes of Indian Territory for 1899.

All the Justices concur.