In the Matter of the ESTATE of Lorenzo ANDERSON, Deceased.

Richard ANDERSON, Ella Mae Mallory, Lyda Odom, Okla Pense, Bobby Jack Bullard, Margie Diffee, Albert Anderson, Appellants,

v.

VIAN CEMETERY ASSOCIATION, Appellee.

No. 50093.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 18, 1977.

Released for Publication by Order of Court of Appeals Nov. 14, 1977.

Roy Frye, Jr., Sallisaw, Byron D. Todd, Tulsa, for appellants.

D. K. Cunningham, Vian, for appellee.

BOX, Judge:

An appeal from an ancillary probate of the estate of Lorenzo Anderson, deceased.

Lorenzo Anderson was a resident of Kansas City, Missouri at his death on January 29, 1970. He left a will dated January 20, 1967 which was duly admitted to probate in Missouri. Under the terms of the will, Lorenzo Anderson left the sum of $1.00 to each of his intestate heirs, a group comprised of surviving sisters, brothers, nieces and nephews, the appellants. Specific bequests consisted of household furniture bequeathed to Margaret Goosey, decedent's housekeeper, $300 to the Vian Cemetery Association, appellee, and $300 to the First Baptist Church of Vian, Oklahoma.

The residuary clause provided:

Any property, whether real or personal, including land, money, stocks or bonds after my death I want divided in three equal shares between Jack Keck, Margaret Goosey and the Vian Cemetery Association.

Petition for ancillary probate was filed in Sequoyah County on June 28, 1974. The assets in Oklahoma consisted of 450 acres of realty in Sequoyah County. Inasmuch as the Oklahoma estate was comprised in its entirety of real property, the laws of Oklahoma governed the validity and interpretation of the will. 84 O.S.1971, § 20.

On December 1, 1975 appellants filed an application to declare the bequest of one-third of the residuary to the Vian Cemetery Association void and vest all right, title and interest of this portion of the estate in the heirs at law, appellants. A hearing was conducted in regard to this application and certain facts were revealed concerning the Vian Cemetery Association.

The Vian Cemetery Association is neither a corporation nor a partnership; rather it

can be characterized as an unincorporated association. The cemetery was organized by a Judge McNabb of Vian around the 1930s and the association was formed for the purpose of maintaining the Vian Cemetery. Fred Gossett has acted as president or chairman of the association since 1952 or 1953 and it is his job to take care of the cemetery, donating his time and labor. For twenty-two years he has worked without monetary compensation. Mr. Gossett selects and assigns the burial lots. There is no charge for the actual digging of the graves nor the lots themselves. The maintenance cost per year is approximately $1,000.00 and the association meets these expenses through private donations. The evidence further reveals that the decedent's brother-in-law originally owned the land and was the first person buried in the cemetery. The decedent is also buried there along with sixteen of his relatives. Since this lawsuit was filed, the Vian Cemetery Association has incorporated under the name of the Vian Garden of Memories, Inc. The trial court made a finding of fact that this corporation "took over the function and purposes of the association in reference to said cemetery."

The trial court held the Vian Cemetery Association was a voluntary, unincorporated association, incapable of taking title to real property. However, the trial court determined that the devise was an implied charitable trust and appointed the Vian Garden of Memories, Inc. as trustee. Appellants contend the trial court erred in finding an implied charitable trust and appointing the newly-formed corporation as trustee. We disagree.

■ Oklahoma follows the general rule that an unincorporated association has no legal existence that would enable it to hold title to real property in the association's name absent statutory recognition. See *Modern Woodmen of Am. v. Tulsa Modern Woodmen Bldg. Ass'n*, Okl., 264 P.2d 993; *Richardson v. Harsha*, 22 Okl. 405, 98 P. 897. See generally 6 Am.Jur.2d Associations and Clubs, § 13 (1963). As stated by the Supreme Court in *Taxicab Drivers' Local No. 889 v. Pittman*, 322 P.2d 159, 166:

Voluntary unincorporated associations generally are not legal entities. It is only where there is legislation conferring a legal status on such a group that it enjoys rights and duties comparable to those of a corporation  .   .   . .

Thus, the Vian Cemetery Association was incapable of holding title to the real property devised by Lorenzo Anderson in its own name. The question then becomes whether the devise must fail.

■ The trial court determined that the Vian Cemetery Association was an unincorporated *charitable* association. The Association was not operated for profits, depended entirely on donations of money and labor for its existence, and provided free burial service along with maintenance of the cemetery. Ample evidence exists in the record to support the conclusion that the association was charitable in nature, "directed toward the improvement and happiness of man or society," 60 O.S.1971, § 601, or performing "acts beneficial to the public," 18 O.S.1971, § 552.2(2). Therefore, this conclusion will not be disturbed on appeal. *Magnolia Pipe Line Co. v. Cowen*, Okl., 477 P.2d 848; *M. K. & O. Airline Transit Co. v. Deckard*, Okl., 397 P.2d 883; *Simons v. Brashears Transfer & Storage*, Okl., 344 P.2d 1107; *Johnson v. Plastex Co.*, Okl. App., 500 P.2d 596.

■ By the great weight of authority, a devise or bequest to an unincorporated charitable association does not fail, rather the court will appoint a trustee to administer the bequest or devise. See Restatement (Second) of Trusts, Appendix, Reporter's Notes § 397, comment f at 625 (1957) and the cases cited therein in support of this proposition. Furthermore, Restatement (Second) of Trusts, § 397, comment f (1957) provides:

f. *Direct gift to unincorporated charitable association.* If the owner of property devises or bequeaths it to an unincorporated charitable association, a charitable trust may be created although the purposes of the trust are not mentioned in the will. If the association is incapable

of taking title to the property and administering the trust, the court will appoint a trustee to take the title and administer the trust for the purposes of the association. . . .

■ A will should be construed according to the intent of the testator. 84 O.S. 1971, § 151; *Lanie v. Lanie*, 499 P.2d 401. The implication of a trust when property is bequeathed or devised to an unincorporated charitable association best effectuates the intent of the testator and is in accord with the general philosophy of the cy pres doctrine, 60 O.S.1971, § 602. Furthermore, the Supreme Court has held that an unincorporated association may hold a beneficial interest in that in which it cannot hold legal title. In *Richardson v. Harsha*, supra at 902, quoting *Liggett v. Ladd*, 17 Or. 89, 21 P. 133 (1888), the Court stated:

> Mere voluntary associations, however, cannot take the title to real property in their society name, as they are not in law regarded persons, *but it may be held for their use and benefit by trustees, and their right to the enjoyment of the property be secured in that way.* (Emphasis added.)

The *Richardson* case was reaffirmed in *Modern Woodmen of Am. v. Tulsa Modern Woodmen Bldg. Ass'n*, supra.

Under the Restatement (Second) view, the court will appoint a trustee to take title and administer the trust for the association. The trial court appointed the Vian Garden of Memories, Inc. as trustee. On the date of appointment, the Vian Garden of Memories, Inc. was a legal entity capable of holding title to real property. 8 O.S.1971, § 3; 18 O.S.1971, § 1.19(6). The trial court did not err by implying a trust in favor of the Vian Cemetery Association nor in appointing the Vian Garden of Memories, Inc. as trustee.

Appellants cite *Powell v. Chastain*, Okl., 318 P.2d 859, regarding implied trusts. The *Powell* case did not involve a bequest or devise to an unincorporated charitable association and is not controlling in this controversy. After careful consideration, we find appellants' propositions 3, 4 and 5 to be without merit.

For the views expressed herein, the holdings of the trial court are hereby affirmed.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.