LODGE NO. 1, TRIBE OF GOOD TIMERS, v. MARVIN.

1. BENEFICIAL ASSOCIATIONS—RIGHT TO PROPERTY—BURDEN OF PROOF.

Fraternal association bringing suit against former officers for possession of its property, records, and funds has burden of proving that officers claiming to represent it are in fact its officers.

2. SAME—MUST ACT THROUGH NATURAL PERSONS.

Beneficial association, whether corporate or unincorporated, must act through natural persons.

3. SAME—WHEN LAWFULLY ASSEMBLED MAY TRANSACT BUSINESS.

Members of lodge, when lawfully assembled and presided over by its duly elected officers, may transact any business within purview of purpose for which it is organized.

4. SAME—WHEN TEMPORARY OFFICERS MAY BE SELECTED.

In absence of regular officers, lodge members present, when lawfully assembled, may select temporary officers, unless constitution or by-laws otherwise provide.

5. SAME—WHEN LAWFULLY ASSEMBLED.

Lodge members are lawfully assembled only when they meet at regular or specially designated place of meeting and at time fixed by by-laws.

On membership in association as condition of right to transact particular kind of business, see annotation in 6 L. R. A. (N. S.) 433.

6. Same—Proceedings at Unlawful Assembly Void.
Where certain members of lodge, on regular meeting night, went to regular meeting place, found doors of hall locked, and, after waiting for regular time of meeting, in absence of regular officers, held meeting in corridor, elected temporary officers, adjourned to another meeting place, and there purported to elect permanent officers for ensuing year, meeting was illegal and proceedings void.

7. Same—Majority May Act When Lawfully Assembled.
Majority of lodge members have full control over its proceedings when it is in regular session, subject only to rights conferred on its officers under its constitution and by-laws; but they are powerless to act unless lawfully assembled.

8. Same—Equity Should Not Interfere in Dispute Over Officers.
Court of equity should not interfere in dispute between lodge members as to which of two sets of officers is entitled to hold offices.

Appeal from St. Clair; Robertson (William), J. Submitted October 8, 1931. (Docket No. 46, Calendar No. 35,827.) Decided December 8, 1931. Rehearing denied March 3, 1932.

Bill by Lodge No. 1, Tribe of Good Timers, against Lucetta Marvin and others for possession of certain lodge property, for an accounting, and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*James A. Muir,* for plaintiff.

*John B. McIlwain,* for defendant.

Sharpe, J. The bill of complaint alleges that the plaintiff is a subordinate lodge of the Tribe of Good Timers, a fraternal association incorporated under the laws of this State; that its conduct and affairs are regulated by a constitution and by-laws, which provide, among other things, for the election and installation of certain designated officers; that it is

possessed of certain funds to the amount of about $1,700; that its by-laws provide for an annual election of its officers at its first meeting in December in each year; that at such meeting, held on December 13, 1929, a set of officers were elected, and, pursuant to said by-laws, installed on January 10, 1930; that the honorable recording secretary and honorable treasurer made demand upon their predecessors in office, Lucetta Marvin and Estella Frost, two of the defendants, for delivery to them of the records, property, and funds in their hands belonging to the lodge, and such request was refused. An injunction, restraining these officers and certain others named as confederates from "diverting, spending or changing" the moneys or property of the lodge, and for an accounting by them, was sought and also an order requiring them to turn over such moneys and property to the proper officers of the plaintiff, and that they be enjoined from holding meetings in the name of the plaintiff.

The defendants answered, denying that officers of the lodge were elected or installed as alleged, and set forth that at a meeting of the lodge duly held on December 13th other officers were elected, among them the defendants above named as secretary and treasurer, and that they are entitled to the possession of the moneys and property of the lodge. After a hearing a decree was entered dismissing the bill, of which the plaintiff seeks review by appeal.

Counsel for the plaintiff insists—

"That this action is brought by the plaintiff as an association. * * * This is not an action between factions. The plaintiff is demanding and praying for its own name and property. If it does not exist, that is the end of the matter. If it does, then it is entitled to its own. * * * The question as to who

are its officers is also immaterial, for the lodge exists if its officers resign or if it has no officers and chooses them at each meeting.''

It appears that certain of the members of the lodge met in two different places, both outside the regular meeting place, on December 13th, and elected officers to serve during the ensuing year, and that both sets of officers were installed in Sturmer Hall, the regular place of meeting, on January 10th following. A meeting of certain of the members was held at Sturmer Hall on January 24th, at which the officers elected at Edison Hall presided, and at which a resolution was adopted empowering and instructing Peter P. Keyser, the honorable lieutenant governor, and the honorable treasurer and honorable secretary—

''In the name of this lodge to engage counsel and file suit or suits in law or (and.) chancery and to litigate and to make or cause to be made any demand or demands as are necessary for a proper foundation for such litigation and as they are best advised for the purpose of bringing into the hands of the proper officers of this lodge all books, records, papers, property and moneys which belong to it, and to demand an accounting from and by said past officers and to do any and all things in such connection and for such purpose in the name of this lodge or in conjunction with others or in their own names or any of them as they may deem necessary and proper and be best advised.''

Pursuant thereto, counsel was obtained and the bill of complaint herein was filed. It is verified by Mr. Keyser and Blanche McCormick and Matilda Wollen, as honorable treasurer and honorable recording secretary, respectively. If the officers who presided at that meeting were not in fact the officers of the lodge, then the persons there assembled did

not constitute the lodge, and there was then no meet-ing thereof, and those delegated to bring suit acted without authority of the lodge and the suit was properly dismissed.

In our opinion the question presented is whether the meeting held at Edison Hall on December 13th was a regular meeting of the lodge so that the per-sons there elected and afterwards installed were the officers of the lodge when the resolution was adopted.

One of the by-laws provided that regular meetings should be held on the second and fourth Friday eve-ning of each month, commencing not before 7 o'clock and not later than 8 o'clock. Plaintiff produced proof that a number of the members went to Stur-mer Hall that evening at 7 o'clock and found the door closed; that they waited until nearly 8 o'clock, and then a member called them to order and they elected a *pro tempore* governor and secretary, and, on motion duly carried, adjourned to Edison Hall, where the meeting was continued and the officers elected for the ensuing year.

There is proof that Sturmer Hall was at that time being redecorated, and that, on the attention of the honorable governor being called to that fact, she and the honorable recording secretary caused a notice to be posted about 7:30 in the evening on the door lead-ing into the hall, stating that the meeting would be held at 406 Quay street, and that a number of the members there met, the officers being present, and elected the officers for the ensuing year: We are not here concerned with the dispute as to whether such notice was posted or the regularity of the meeting so held, as the burden is upon the plaintiff to establish the fact that the officers claiming to represent it are in fact the officers of the lodge.

An association, like all other bodies, whether cor-porate or unincorporated, must act through natural

persons. The members of a lodge, when lawfully assembled and presided over by its duly elected officers, may transact any business within the purview of the purpose for which it is organized. In the absence of such officers, the members present may select others to temporarily fill their places unless the constitution or by-laws otherwise provide. But they are "lawfully assembled" only when they meet at the regular or a specially designated place of meeting and at a time fixed by the by-laws. The regular place of meeting for this lodge was at Sturmer Hall. When a number of the members assembled in the corridor leading to this hall on December 13th, the date of a regular meeting, and remained there for some time after the hour fixed for the meeting and the doors of the hall were not opened, nor any of the officers of the lodge present, we are constrained to hold that the proceedings then had and followed by the meeting in Edison Hall were unauthorized and of no validity, and conferred no rights upon the officers there elected. To hold otherwise might lead to much confusion in the conduct of the business of such lodges, as it has here. The majority of the members of such a lodge have full control over its proceedings when the lodge is in regular session, subject only to the rights conferred upon its officers under its constitution and by-laws. But, unless lawfully assembled, they are powerless to act.

The Michigan cases cited by plaintiff (*Schiller Commandery* v. *Jaennichen,* 116 Mich. 129; *Sommers* v. *Reynolds,* 103 Mich. 307, and *Mason* v. *Finch,* 28 Mich. 282) are not applicable to the question presented, as we view it. A court of equity should not interfere in this dispute as to which of the sets of officers claimed to have been elected on December 13th, and installed on January 10th, is entitled to hold the offices in this lodge. In *St. Patrick's Alli-*

*ance* v. *Byrne,* 59 N. J. Eq. 26 (44 Atl. 716), it was held (syllabus):

"Equity will not decide which of two sets of officers claiming to be the officers *de jure* of a beneficial society are entitled to the offices, unless some other equitable matter is involved in and requires the decision of such question.

"The fact that one of the rival claimants to an office of a beneficial association holds funds which he refuses to pay over to one claiming to be his successor does not give a court of equity jurisdiction to determine their rights to the office."

See, also, *Commonwealth* v. *Heilman,* 241 Pa. 374 (88 Atl. 666); Bacon, Life and Accident Insurance (4th Ed.), § 134.

The decree dismissing the bill of complaint is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.