AIRPORT RECREATION CLUB, INC., v. MORRIS.

1. QUO WARRANTO—SCOPE OF RELIEF—CORPORATE OFFICES.
    While a *quo warranto* proceeding may be a proper method for determining conflicting claims of parties to a corporate office, it would be inadequate to recover personal property of the corporation, including books, documents and miscellaneous papers and instruments alleged to be illegally withheld by corporation's former officer.

2. EQUITY—MULTIPLICITY OF SUITS.

Where controversy between the parties involves questions for which *quo warranto,* replevin or mandamus, assumpsit or action for conversion and possibly ejectment would be proper remedies at law and an accounting by defendant is also sought, equity court having jurisdiction for one purpose will retain it for purpose of giving full relief and to avoid precipitation of a multiplicity of suits.

3. SAME—JURISDICTION TO GRANT COMPLETE RELIEF.

Chancery court which has jurisdiction of a cause for any purpose will retain it for purposes of giving full relief.

4. SAME—CASES NOT TRIED PIECEMEAL.

Equity courts are not disposed to try cases piecemeal.

5. SAME—CORPORATIONS—OFFICERS—ACCOUNTING.

Equity court having retained jurisdiction to determine plaintiff corporation's right to accounting by defendant, a former officer, should have retained jurisdiction to determine proposition of whether defendant was or was not properly entitled to represent plaintiff corporation where determination of the rights of various office holders is inevitable as well as inseparable from accounting and injunctive phases of plaintiff's bill.

6. APPEAL AND ERROR—LEAVE TO APPEAL—INTERLOCUTORY ORDER—COSTS.

On appeal from order dismissing bill and amended bill in equity in part where trial court refused to settle record on appeal because he believed order sought to be appealed from was an interlocutory one and Supreme Court, on motion properly made, ordered settlement, defendant who then failed to raise issue that leave of Supreme Court should have first been obtained may not do so later but plaintiff's appeal is treated as though consent had been obtained although it is not allowed costs.

7. SAME—INTERLOCUTORY ORDER—LEAVE TO APPEAL.

Plaintiff who appeals from an order claimed by trial court to be an interlocutory one should obtain leave to appeal therefrom rather than risk dismissal and be subjected to necessity of obtaining consent to a delayed appeal.

Appeal from Wayne; Campbell (Allan), J. Submitted April 11, 1939. (Docket No. 66, Calendar No. 40,409.) Decided June 5, 1939.

Amended bill by Airport Recreation Club, Inc., a Michigan corporation, against Frank Morris for an accounting, an injunction, and other relief. From order dismissing amended bill in part, plaintiff appeals. Reversed.

*William S. McDowell,* for plaintiff.

*Harry H. Platt,* for defendant.

BUTZEL, C. J.   Plaintiff, in an amended bill of complaint, filed within the prescribed time, alleged that it was a corporation engaged in the business of furnishing recreation in the form of bowling and other activities in the city of Detroit, and that it owns and operates a building for this purpose; that defendant, who owned 750 of the 1950 shares of stock of the corporation, was, prior to June 27, 1938, a director, secretary and treasurer of the corporation, had charge of its books and accounts and was authorized to make withdrawals from the bank; that at one time, he withdrew $1,500, which he placed in the name of his daughter, without the knowledge of the board of directors or other officers; that he also withdrew $400 to pay his own personal liabilities, and for a long time he had been taking $50 per week although his compensation had been fixed at only $30 per week; that plaintiff's officers do not know the extent of the withdrawals made by him without the consent of the board of directors; that a report sworn to by defendant and also signed by the president was sent to the secretary of State, defendant setting forth therein incorrect figures in regard to the stock of the corporation; that on June 27, 1938, pursuant to notice, a special meeting of the stockholders was called to set a day for the regular meeting of the stockholders, to change the name of the corporation, and to elect a board of directors; that at the meeting, which all of

the stockholders attended in person or by proxies, new officers and directors were elected; that defendant, as secretary, refused to issue on request certificates to the new owners of the stock and sign minutes and other records of proceedings; that at the election, the three officers who signed the bill of complaint on behalf of the corporation were elected officers and directors; that defendant, however, refused to turn over the books to them and they took peaceful possession of the property of the corporation except such as was in possession of tenants, but that personal property was retained by defendant without the consent or authority of corporate officers; that they caused the premises of the corporation to be securely locked for its conservation and protection, but that defendant broke into the premises and caused the doors to be nailed so as to exclude the corporation from its ownership and possession; that he attempted to obtain the corporation's money in banks and to collect its accounts for his own use and benefit. The bill further stated that the suit was authorized by the board of directors who were fearful that defendant would continue in his alleged wrongdoing and thus injure the corporation and destroy its good will and business, unless restrained by order of the court; that it was necessary immediately to make contracts and put the facilities of the corporation in order for the coming season and to make and file financial statements. The bill asks for an accounting and payment by defendant of the amount to be found due the corporation; an injunction to prevent defendant from interfering with the board of directors in the management and control of its business and from destroying, injuring, altering, or concealing any of the records and from selling and incumbering or otherwise disposing of the property, and from asserting any right in the control and

management of the corporation. It also asks for such other relief as the court of equity might grant.

Fifteen days prior to the filing of the amended bill, plaintiff had filed an original bill of complaint in which it set forth more in detail the manner in which the new officers had been elected, but it did not allege misappropriation of funds, the necessity for the accounting, and some other allegations which were set forth in the amended bill. Defendant in a motion to dismiss the original bill claimed that the court was without jurisdiction; that plaintiff's remedy, if any, was complete and adequate at law; that plaintiff had not stated any facts that would entitle it to equitable relief; that the bill had not been filed by authority of the legal board of directors, and that those who signed on behalf of the corporation were not duly authorized to do so; that those who voted in person or by proxy at the meeting of June 27th were not stockholders; that the bill was filed for the purpose of harassing, embarrassing and injuring the defendant, a large stockholder; that allowance of an injunction was an abuse of legal process; that if the bill were not dismissed for this reason, at least the injunction should be dissolved as it was improvidently issued and interfered with the legal affairs and ordinary business of the corporation and prevented defendant from performing his official duties.

The motion to dismiss was supported by defendant's affidavit and opposed by affidavits of the three alleged officers who signed the bill of complaint. No motion to dismiss the amended bill of complaint was made. The judge entered an order that the bill of complaint and amended bill, in so far as they sought to adjudicate the rights of any person to hold corporate office or to oust defendant from any corporate office or to adjudicate any action taken by the persons claiming to constitute the new board of direc-

tors of plaintiff, be dismissed. He also ordered that the motion, as far as the dismissal of the portion of the amended bill which alleges the right to an accounting, be denied without prejudice to a renewal of the motion upon a hearing on the merits.; and that the temporary injunction be dismissed. He reserved decision on plaintiff's right to bring the suit and the authority of those who signed the bill and amended bill of complaint until raised in further proceedings. Plaintiff has appealed from this order.

Defendant correctly states that the issues involve, for the most part, the legality of the action taken at the corporate meeting of June 27, 1938. It is a mixed question of fact and law whether the stockholders who appeared in person or by proxy at that meeting and opposed election of the present officers were properly entitled to vote; evidence on this issue should be taken and trial had. Defendant, however, urges that such trial must be at law in an action of *quo warranto,* and claims the bill of complaint was properly dismissed since equity is without jurisdiction to try title to corporate offices. The bill of complaint states that the persons who signed it are the legally elected incumbents of the offices of the Airport Recreation Club, Inc., and seemingly entitled to possession of the corporate property. The record indicates that they are *in* while defendant is *out.* The bill alleges that defendant actually withdrew his name as a candidate for the position of director of the corporation claiming that the election was illegal. Plaintiff claims that neither the corporation or the three present officers should be compelled to bring *quo warranto* proceedings to test the right to a corporate office by one who does not hold the office.

The argument of defendant is that the remedy at law is adequate and complete and that if *quo war-*

*ranto* will lie, plaintiff cannot maintain its bill in equity. We may assume without deciding that the conflicting claims of defendant and the three present officers could be adjudicated in a *quo warranto* proceeding. However, plaintiff has also alleged that defendant has refused to deliver up certain personal property of the corporation, including books, documents and miscellaneous papers and instruments. To recover these items *quo warranto* relief would obviously be inadequate. Appropriate legal action would have to be taken through replevin, or affirmative delivery might be compelled by mandamus. Plaintiff has also alleged that defendant has wrongfully taken funds from the corporate treasury. This action could be redressed only in assumpsit or a suit for conversion. While at present there seems no dispute over the possession of realty, the three directors having occupied the corporation's property and the new board of directors having ordered the premises locked for conservation, it is also averred that defendant has made attempts to exclude plaintiff and its officers from the premises. Should such an attempt be successful, plaintiff might then be compelled to bring an additional ejectment action.

Unless absolutely necessary, we should hesitate to sanction dismissal of a bill which would be followed by a series of actions at law for various individual portions of the relief prayed. If all questions can be settled by a chancellor in one proceeding, there is little reason to precipitate a multiplicity of suits. As early as the case of *Whipple* v. *Farrar,* 3 Mich. 436 (64 Am. Dec. 99), we recognized the rule that where a court of chancery has gained jurisdiction of a cause for any purpose, it will retain it for purposes of giving full relief. We there said at page 447:

"This is a rule of such practical utility in promoting the ends of justice—preventing unnecessary suits, saving expense, and avoiding delay, as commends itself strongly to our approbation."

See, also, *MacKenzie* v. *Union Guardian Trust Co.*, 262 Mich. 563, in which are collected numerous later decisions supporting the same doctrine.

We think the present case is squarely within these principles. Although defendant has argued that the grounds for accounting and injunction set out in the amended bill of complaint are feeble attempts to present colorable claims for equitable action, it is clear from the record that a *prima facie* case for accounting appears from the pleadings; the trial court itself denied defendant's motion to dismiss the proceedings for accounting. Prayer is made to restrain alteration or destruction of records by defendant or incumbering or selling any of the corporate property. The whole continuance and preservation of the business without interruption or interference is here involved. Equity courts are not disposed to try cases piecemeal (*Stephenson* v. *Golden* [on rehearing], 279 Mich. 710), and we think that the chancellor may properly assume plenary jurisdiction over the issues raised. *Lodge No. 1, Tribe of Good Timers,* v. *Marvin,* 256 Mich. 339, upon which defendant relies, held only that equitable jurisdiction of a contest between rival factions will not be assumed unless some other equitable matter is involved which requires decision of the question. Here the accounting relief to be extended must necessarily be bottomed on the proposition that defendant is or is not properly entitled to represent and act for the corporation. Determination of the rights of the various office holders is inevitable as well as inseparable from the accounting and injunctive features

of the bill. The court having retained jurisdiction on one ground, it should have retained it on all.

The trial court, believing its order was interlocutory, refused to settle a record on appeal. On motion properly made, this court ordered settlement. Defendant, instead of then complaining that the appeal from what he claims is an interlocutory order was taken without the consent of the court, raises the objection for the first time on the present appeal. The consent of the court to an appeal should have been obtained rather than dismissing the appeal and subjecting plaintiff to the necessity of obtaining consent to a delayed appeal; we shall treat the present appeal as if consent had been obtained, but plaintiff will not be allowed costs.

The order dismissing the bill in part is set aside. Defendant is allowed 15 days in which to answer the bill of complaint, and it is recommended, though not ordered, that the court, at the request of either party, set the case down for immediate hearing so that the questions may all be disposed of promptly.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.