PALCZYK *v.* MULLER.

1. EQUITY—JURISDICTION—MONEY DECREE—ACCOUNTING.
   Money judgment in favor of plaintiffs is relief which a court of equity may grant in an action by 2 of 5 members of a partnership against the other 3 members of the partnership and 2 other persons who had sold real and personal property to the partnership, where a variety of acts of the various parties had so complicated the situation as to necessitate an accounting to straighten out the involved business dealings.

2. SAME—JURISDICTION—COMPLETE RELIEF.
   A court of equity that has obtained jurisdiction over some portion or feature of a controversy may and, generally, will proceed to decide the whole issues and award complete relief, although the rights of the parties are strictly legal, and the final remedy granted is of the kind conferrable by a court of law.

3. APPEAL AND ERROR—PRINTING BUSINESS—EQUITY.
   Judgment for plaintiff-appellees and defendant-appellees, partners, against vendors of real and personal property involved in the sale of a printing business *held*, equitable, upon *de novo* review of record.

4. SAME—ACCOUNTING—EQUITY.
   Record involved in suit for accounting and other relief *held*, upon review to reveal no inequities.

5. SAME—MONEY JUDGMENT—RECORD.
   Record on appeal in suit for accounting and other relief, consisting of testimony before the circuit court commissioner, depositions, documents, and additional proofs offered by the litigants, *held*, to reveal substantiation for the money judgment rendered in favor of partnership vendees of printing business.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 19 Am Jur, Equity § 119.
[3–5] 5 Am Jur 2d, Appeal and Error § 822.
[6] 5 Am Jur 2d, Appeal and Error § 1017.

6. Costs—Affirmance—Plaintiff Partners.

   Costs on appeal to Court of Appeals upon affirmance of money decree in favor of membership of partners are limited to such appellees as are also plaintiffs.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 May 12, 1965, at Detroit. (Docket No. 288.)    Decided December 20, 1965. Leave to appeal denied by Supreme Court February 24, 1966.    See 377 Mich 703.

Bill of complaint by Petro Palczyk and Petro Sulkiwskyj against Michael Muller, Stella Muller, Peter Maysura, Pawlo Hloushanyza, and Pawlo Malar requesting dissolution of a partnership, Globe Press Printers; damages for ejectment of plaintiffs from the partnership property by defendants; and for an accounting of partnership assets.    On defendants' motion to dismiss, judgment for plaintiffs. Defendants Muller appeal.    Affirmed.

*Riseman, Lemke & Piotrowski* (*Harry Riseman,* of counsel), for plaintiffs.

*Cass S. Jaros* and *Marjorie S. Jaros,* for defendants Muller.

*Frazer & Popkin,* for defendants Maysura, Hloushanyza, and Malar.

Watts, J.    Petro Palczyk and Petro Sulkiwskyj, plaintiffs-appellees (partners together with Peter Maysura, Pawlo Hloushanyza, and Pawlo Malar, defendants-appellees, under the firm and partnership name of Globe Press Printers, 13820–13824 Jos. Campau avenue, Detroit, Michigan), filed a bill of complaint in Wayne county circuit court in chancery asking for: the dissolution of the partner-

ship; a judgment on behalf of the partnership against Michael Muller and Stella Muller, his wife; and an accounting of partnership assets.

The trial court found for the partnership and against the defendants Muller. Defendants Muller appeal.

The real and personal property (fixtures, tools, machinery, and apparatus necessary to carry on the printing business) belonging to Michael Muller and Stella Muller, his wife, defendants-appellants, were sold to Peter Maysura, Pawlo Hloushanyza, and Alexander Palatash, a partnership known as Globe Press Printers. Globe Press Printers sold their vendees' interest to Peter Maysura, Pawlo Hloushanyza, Pawlo Malar, Petro Palczyk, and Petro Sulkiwskyj, a partnership also known as the Globe Press Printers. The purchase price of the personal property was $10,000. Globe Press Printers purchased the real property on land contract on the following terms: One dollar down and the balance to be paid at the rate of $150 or more per month.

In 1956, the part of the plant used as living quarters was damaged by fire. Peter Maysura, the manager of the printing plant, and Pawlo Malar, the editor of the paper, were arrested and found guilty as the parties responsible for the fire.

The partnership operated at a loss and was unable to make its $150 monthly payments on the land contract. The Mullers made an effort to negotiate for purchase of the real and personal property from the partnership. The negotiations collapsed when two of the partners of Globe Press Printers refused to sign a quitclaim deed. The quitclaim deed was executed by Peter Maysura, Pawlo Hloushanyza, and Pawlo Malar (defendants-appellees); Petro Palczyk and Petro Sulkiwskyj (plaintiffs-appellees) refused to sign the quitclaim deed and to participate in the sale of the assets of the partnership. The

quitclaim deed was recorded in the office of the Wayne county register of deeds on October 3, 1958.

The Mullers then called off the sale, ejected Petro Sulkiwskyj from the plant, and took possession of all the assets of Globe Press Printers, both real and personal.

There is no evidence that Globe Press Printers executed a bill of sale covering the equipment to the Mullers or that Petro Palczyk, Petro Sulkiwskyj, Peter Maysura, Pawlo Hloushanyza, and Pawlo Malar received any money from the Mullers for either the real or the personal property.

On August 10, 1960, plaintiffs Petro Palczyk and Petro Sulkiwskyj filed a bill of complaint in Wayne county circuit court in chancery asking for a judgment against Michael Muller and Stella Muller, his wife; for dissolution of Globe Press Printers; and for an accounting of partnership assets.

On November 22, 1960, the defendants Muller attempted to forfeit the executory land contract, and on the same date they served notice of forfeiture upon the members of Globe Press Printers. The Mullers also instituted summary proceedings in the circuit court commissioners court of Wayne county, which proceedings were subsequently discontinued.

After a pretrial statement had been taken, the matter was referred to a circuit court commissioner who recommended that the matter be dismissed because of inadequacy of proofs. Objections were filed to such recommendation by the plaintiffs. The trial court found the recommendation of the circuit court commissioner *improvident* and beyond the scope of the order for reference. While the recommendation of the circuit court commissioner was not followed by the trial court, it was agreed to by all the parties to the instant case that the trial record should be made up of: the transcript of testimony taken before the circuit court commissioner; deposi-

tions and documents; and any additional proofs that the litigants wished to offer rather than recall the witnesses.

The trial court found that the plaintiffs had established a right to equitable relief and rendered a judgment in the amount of $14,800 in favor of all the partners in Globe Press Printers against defendants Muller; dissolved the partnership; prorated the judgment among the partners in accordance with their interest as set out in the partnership agreement; and awarded both the real and personal property of the partnership to defendants Muller. Defendants Mullers' appeal was referred to the Court of Appeals by the Michigan Supreme Court on January 7, 1965.

*The question here presented is whether it is within the jurisdiction of a court of equity to grant relief in the form of a money judgment to the three members of the partnership who are defendants in the case though they sought only dismissal of the plaintiff's complaint.*

It appears from the record that Michael Muller and Stella Muller, his wife, and the partners of Globe Press Printers, by their many and various acts, created greatly complicated circumstances which necessitated an accounting to straighten out their involved business dealings.

It is our opinion that the trial court was right in accepting jurisdiction in equity over the instant proceedings and in retaining jurisdiction for the purpose of determining the rights of the parties, giving them full relief. *Airport Recreation Club* v. *Morris* (1939), 288 Mich 694; *Second Michigan Cooperative Housing Association* v. *First Michigan Cooperative Housing Association* (1959), 358 Mich 252.

The Court in the *Second Michigan Case* at p 256 said:

"At the completion of the accounting sought by Second Michigan, the chancellor apparently felt that Second Michigan had not established entitlement to relief. He noted that First Michigan in its cross bill had not sought an accounting but had sought a money decree. He therefore dismissed the proceedings as to both, remanding First Michigan to its remedy at law.

"This result would, of course, necessitate the retrial on the law side of the Oakland circuit court of a matter which has already been accorded a full hearing in equity. We do not believe that this is in keeping with settled principles of equity jurisprudence or sound judicial administration."

The Court at p 257 cited 1 Pomeroy's Equity Jurisprudence (5th ed), § 231:

" 'Where a court of equity has obtained jurisdiction over some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights of the parties are strictly legal, and the final remedy granted is of the kind which might be conferred by a court of law.' "

*Does the judgment give equitable relief to parties who have unclean hands and did not do equity?*

The trial court found no indication in the record as to which parties had unclean hands or failed to do equity.

We have reviewed the record *de novo* on appeal and find no inequities in the court's judgment in the instant case. *Kren v. Rubin* (1953), 338 Mich 288; *Stacey v. Mikolowski* (1962), 367 Mich 550.

*Does the judgment arbitrarily and capriciously disregard facts in the record and also the findings of the trier of the facts who heard and saw the witnesses?*

It is our opinion that the judgment does not arbitrarily and capriciously disregard the facts in the

record. All parties in the instant case agree that the record shall consist of the testimony before the commissioner, the depositions and documents, and any additional proofs offered by the litigants.

The judgment of the trial court is substantiated by the record, and this Court will not disturb that decision.

Affirmed. Costs to plaintiffs-appellees against defendants-appellants.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.