No. 18,458.

NATIONAL ASSOCIATION FOR CEREBRAL PALSY, INC., ET AL.
v. UNITED CEREBRAL PALSY ASSOCIATION OF DENVER, ET AL.
(346 P. [2d] 582)

Decided November 23, 1959.

Mr. ANDREW WYSOWATCKY, Mr. WILLIAM E. DOYLE, Mr. THOMAS P. O'BRIEN, for plaintiffs in error.

Messrs. HOLME, ROBERTS, MORE & OWEN, Mr. JOHN M. DICKSON, Mr. RICHARD P. MATSCH, for defendants in error.

*In Department.*

Opinion by MR JUSTICE DAY.

PLAINTIFFS in error will be referred to as either *old* National or *new* National. Defendants in error will be referred to as United.

This writ of error seeks to reverse the judgment of the district court which determined that United was entitled to a charitable bequest in the will of Viola Flatt under the cy pres doctrine. The court found that on the date of the death of the testatrix the organization specifically named in the will as "National Association for Cerebral Palsy, a Colorado corporation, Denver, Colorado," was non-existent. The will was made in October 1951. The testatrix died on May 20, 1955.

Trial was first had in the county court and resulted in the awarding of the bequest to United. On appeal to the district court, by stipulation the case was submitted on the record as made in the county court. The district court adopted in toto the findings of fact and conclusions of law of the county judge. Pertinent among the findings was the specific determination that the National Association for Cerebral Palsy was dissolved in June 1952 upon filing with the Secretary of State a Resolution of Dissolution signed by the officers of the corporation. The court further found that: "After June 18, 1951, the 'old National' did not have any corporate assets, did not raise any funds, did not collect any membership dues, did not have any regular members in good standing, did not hold any membership meetings, did not elect any officers or directors, did not keep any financial or other records, did not file any information returns as required by section 6033 (a) and (b) of the Internal Revenue Code of 1954 and did nothing to further its corporate purposes."

In order to prevent the bequest from lapsing, the court found that United was the proper organization to

receive the funds. There is little doubt from the record and the court's findings that, as an aid to sufferers of cerebral palsy, United was best qualified to carry out Mrs. Flatt's expressly designated charitable purposes.

Plaintiffs in error, in asking us to reverse the trial court, contend that the National Association was never dissolved because the officers acted without the knowledge of or without the consent of the membership. That they did not feel too secure in their position is indicated by the action of a group of eight, only two of whom were among the original members of the *Old* Association, in filing new Articles of Incorporation in January 1956, after they learned that the will of the testatrix had been admitted to probate. The *New* National and the new officers, asserting their identity to be the same as the corporation named in testatrix's will, have not supported such assertion in the record.

We find no merit in the argument that the failure of *Old National* officers to obtain the affirmative vote of the members in support of the dissolution nullified their action in adopting the resolution of dissolution and in filing it with the Secretary of State. At the time the officers acted there were no qualified members from whom consent could be obtained. By the by-laws of the corporation, all of those originally claiming membership were automatically severed from any connection with the *Old* National by failing to pay the annual dues. Lest it be claimed that some of the persons were in a non-paying status, it is to be noted that the minutes of National do not reveal any such members. Moreover no such membership could exist except upon approval of the board of directors as a reward for rendering highly capable service.

▮ It requires no citation of authorities in repeating our long established rule that findings of the trial court, supported by competent evidence in the record, will not be distributed by this court on review. In the instant

72

case the court could have made no other findings nor come to any other conclusion than it did.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Hall concur.