**Charles H. KYSER and Gertrude Floyd, Plaintiffs in Error,**

v.

**Raymond W. REED, Executor of the Estate of Nona L. (Gracie Lenora) Kyser, Deceased, Eulahmae Reed, and Blanche Kyser Clifton, Defendants in Error.**

**No. 41953.**

Supreme Court of Oklahoma.

Nov. 15, 1966.

Rehearing Denied Dec. 13, 1966.

Carloss Wadlington, Ada, for plaintiffs in error.

Raymond W. Reed, Wewoka, Dave K. Spradling, Oklahoma City, for defendants in error.

IRWIN, Justice.

The holographic will of Nona L. (Gracie Lenora) Kyser, deceased, was admitted to probate in the County Court of Pontotoc County, Oklahoma. A "Protest to Distribution" was filed against the Executor's Final Account, Determination of Heirs and Distribution of Assets, which placed in issue the construction of the holographic will.

In so far as pertinent to this appeal, the holographic will contained three pages and on the first and second pages the Testatrix gave, bequeathed and devised in four different paragraphs certain personal property, such as diamond rings, sterling silverware, hand carved furniture, dinner linens, etc., to four named beneficiaries. The third page of the will, which forms the basis of this controversy, provided:

"I give, bequeath and devise, to my Sisters, Eulahmae Reed, and Blanche Kyser Clifton, all my rights, and property of every kind, and nature wheather real, personal or mixed, wherever situated, unpaid notes, and Government Bonds, to share and share alike, including lapsed and failed legacies in the event, if none of my Sisters survive my nieces and nephews,

by right representation, shall share and share alike.

---

"I give bequeath and devise, to My Brother Charles H. Kyser, my oak bedroom Suite he is using, $10.00 (ten) dollars in cash. The remainder of my possessions, all Brothers and Sisters, share and share alike."

Lines, such as the line shown above in the will, were used throughout the will by the Testatrix to separate each paragraph.

The assets of the estate forming the basis of the controversy are cash, government bonds, real estate and miscellaneous personal property. Plaintiffs in error, herein referred to as Protestants, argued that the above assets should be distributed to "all Brothers and Sisters, share and share alike", as provided by the last sentence in the will. Defendants in error, referred to as Defendants, argued that such assets should be distributed to Eulahmae Reed and Blanche Kyser Clifton as provided by the next to the last paragraph.

The county court sustained the position of defendants and held that no property whatsoever passed by virtue of the last sentence in the will. On appeal to the district court, such court affirmed the judgment of the county court in all particulars except that it held the last sentence covered and passed all "tangible" personal property of the decedent, not otherwise disposed of by special bequest, to the class of persons named therein, share and share alike.

Protestants have appealed from the order overruling their motion for a new trial. The difference between the judgments of the county court and district court is not an issue, as is clearly pointed out in the contentions of the parties.

Protestants contend that "the last dispositive provision or clause in the will", which says: " 'The remainder of my possessions, all Brothers and Sisters share and share alike', is in irreconcilable conflict with the general devise and bequeath to Eulahmae Reed and Blanche Kyser Clifton, and should prevail over it."

Protestants argue that the general residuary clause devising and bequeathing to Eulahmae Reed and Blanche Kyser Clifton is so hopelessly in confict with the last sentence of the will that no part of the bequest to Mrs. Reed and Mrs. Clifton can stand if any part of the last sentence is given effect, and if the last sentence is given effect, it has to be given complete effect as a general residuary clause; that the last sentence is like a new will, showing a changed intention, and takes precedence over all previous absolutely conflicting provisions; and that the former residuary clause (devise to Mrs. Reed and Mrs. Clifton) was revoked and abated by the last sentence which provided "The remainder of my possessions, all Brothers and Sisters, share and share alike."

To sustain their argument protestants cite Title 84 O.S.1961, Sec. 155, which provides:

"All the parts of a will are to be construed in relation to each other, and so as to form one consistent whole, if possible but where several parts are absolutely irreconcilable, the latter as to position must prevail."

Protestants rely entirely on cases from other jurisdictions holding to the general effect that where two provisions of a will are so repugnant to each other that they cannot be reconciled, the latter provision will control as being the later expression of the testator.

In considering the applicability of Sec. 155, supra, we must consider it in connection with Title 84 O.S.1961, Sec. 153, which provides that in interpreting a will the rules prescribed by the following sections of this article (which includes Sec. 155, supra) are to be observed, unless an intention to the contrary clearly appears. Title 84 O.S.1961, Sec. 151, provides that a will is to be construed according to the intention of the testator and where his intention cannot have effect to its full extent, it must have effect as far as possible. In Gormly v. Edwards, 195 Okl. 123, 155 P.2d 985, we held that wills should be

**342**

construed reasonably, giving to the language used by the testator its fair and ordinary meaning, with the view of effecting the true intent of the testator. In Noble v. Noble, 205 Okl. 91, 23 P.2d 670, 26 A.L.R.2d 1200, we held that the object and prime purpose in the construction of any will is to arrive at and give effect to the intention of the testator; and in ascertaining such intention the will is to be considered as a whole and the several provisions thereof in their relation to one another.

Title 84 O.S.1961, Sec. 1(4) designates a residuary legacy as that which remains after all the bequests of the will are discharged. In Spurgeon v. Coate, Okl., 337 P.2d 732, we held that one of the purposes of a residuary clause in a will is to dispose of property that a testator may have overlooked or forgotten or which was unknown to him.

The county court found that the bequest to Eulahmae Reed and Blanche Kyser Clifton is clear and definite and the words of devise are not ambiguous or uncertain and testator's intentions are clear. It also found that the last sentence in the will does not create an irreconcilable conflict so as to nullify and defeat a clear and definite devise to the two named sisters. The district court found there is no irreconcilable conflict between the devise and bequest to the two sisters and the last sentence of the will.

The first four disposing provisions of the will are not in controversy but they do constitute a part of the testatrix's single, continuous expression of her intention regarding distribution of her estate. On the third page of the will the testatrix continued her intention and bequeathed and devised property to her two named sisters. In ascertaining the intention of the testatrix and considering the will as a whole and provisions thereof in their relation to one another, we are of the opinion that she did not intend to devise to her two sisters in one paragraph and then revoke such devise in the next paragraph.

We can only conclude the trial court correctly determined that there was no irreconcilable conflict between the devise and bequest to Eulahmae Reed and Blanche Kyser Clifton and the last sentence in the will. Having reached such conclusion, the judgment of the trial court is accordingly affirmed.