Dear Representative Askins,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a public trust created pursuant to Trusts for Furtherance of Public Functions, 60 O.S. 2001 Supp. 2003, §§ 176-180.4, which has a municipality as its beneficiary, make a gift of real property to an institution of higher education, if the trust indenture contains language that would allow the transaction?
¶ 1 A public trust was created by written instrument pursuant to Trusts for Furtherance of Public Functions, 60 O.S. 2001 Supp. 2003, §§ 176-180.4, with a city as its beneficiary. The mayor of the city was the trustor, the city council (the city's governing body) were the trustees, and consent of the governing body of the city as beneficiary was obtained as required by Section 176(A)(3).
¶ 2 Your question involves the power of such a municipal-beneficiary public trust to donate trust-owned real property used for educational purposes to a state institution of higher education.[1] The trustees of a public trust are only authorized to enter into transactions "for the furtherance and accomplishment of any authorized and proper public function or purpose" of the beneficiary. 60 O.S. Supp. 2003, § 176[60-176](A). Thus, the trustees of a public trust cannot lawfully undertake to accomplish projects which its municipal beneficiary could not be authorized by law to perform. Bd. of County Comm'rs v. Warram,285 P.2d 1034, 1040 (Okla. 1955). That is, a public trust can have no greater powers than its beneficiary might be authorized by law to exercise. See id.
¶ 3 Title 11 O.S. 2001, § 22-125[11-22-125] authorizes cities and towns to make gifts of real property to public educational institutions by providing:
 The municipal governing body may make gifts of any real estate belonging to the municipality to any institution in The Oklahoma State System of Higher Education or to any school district, which is located in the municipality. The municipal governing body may purchase or otherwise acquire real estate for this purpose, execute any instruments necessary for the transfer of real estate, and may give buildings or monies for the construction of buildings to institutions in the state system of higher education or any school district in this state. The governing boards of such institutions or school districts are hereby authorized to accept these gifts.
Id. compare Okla. Const. art. X, § 17.[2]
¶ 4 Your question implicates another constitutional provision, Article XXI, Section 1, which provides:
 Educational, reformatory, and penal institutions and those for the benefit of the insane, blind, deaf, and mute, and such other institutions as the public good may require, shall be established and supported by the State in such manner as may be prescribed by law.
Id. (emphasis added).
¶ 5 This provision has been construed to mean that state institutions must be supported solely by the state, and counties or municipalities cannot be required or authorized to provide support or funding for a state institution. Grimes,49 P.3d at 725; A.G. Opin. 88-109, 236. However, the word "support" in this constitutional provision has been held to refer to an ongoing type of support and maintenance. Bd. of Comm'rs v. State,254 P. 710, 711 (Okla. 1927). We must therefore determine whether, under the above constitutional restraint, a one-time gift to a higher education institution amounts to "support" of that institution.
¶ 6 Viewed alone, Section 1 of Article XXI would prohibit state institutions of higher education from accepting gifts or other financial support from anyone, if these institutions must be solely supported by the State. However, Article XIII-A, Section1 of the Oklahoma Constitution provides:
 All institutions of higher education supported wholly or in part by direct legislative appropriations shall be integral parts of a unified system to be known as "The Oklahoma State System of Higher Education."
Id. (emphasis added).
¶ 7 The above constitutional provision expressly anticipates that state institutions of higher education may receive support from sources other than direct legislative appropriations. Such sources of support include fees and tuition (see Okla. Const. art. XIII-A, § 2, 70 O.S. 2001, § 3206[70-3206](e)), and grants or gifts. 70 O.S. 2001, §§ 3206[70-3206](i), 4306(a). Obviously, state higher education institutions rely on these sources to a significant extent for continued operation. By enacting the above-cited statutes, authorizing imposition of fees and authorizing receipt of grants or gifts, the Legislature has construed the two constitutional provisions so as to give effect to each.
¶ 8 As with statutes, related constitutional provisions must be construed to give reasonable effect to each wherever possible, avoiding conflict or absurd results. Ethics Comm'n v. Keating,958 P.2d 1250, 1269 (Okla. 1998); St. Paul Fire Marine Ins.Co. v. Getty Oil Co., 782 P.2d 915, 918, 919 (Okla. 1989). Further, legislative constructions of such provisions are entitled to great weight. State ex rel. Grand Jury v. Pate,572 P.2d 226, 229 (Okla. 1977).
¶ 9 Construing Article XIII-A, Section 1 and Article XXI, Section 1 of the Oklahoma Constitution together in a manner that gives effect to each and avoids conflict or absurd results, we conclude state institutions of higher education are authorized to receive gifts, grants, fees and other sources of support, in addition to legislative appropriations.
¶ 10 The Oklahoma Supreme Court in Board of Commissioners
determined that "support" means "to sustain; to furnish with funds or means for maintenance; to maintain; to provide for, as, to support a family; to enable to continue; to carry on." Bd. ofComm'rs, 254 P. at 711. This definition is consistent with the conclusion that a one-time gift by a municipality to a state higher education institution does not result in the city "supporting" the institution in violation of Article XXI, Section 1. It is the provision of financial resources by a county or city to a state institution on a continuing basis that is banned. SeeState ex rel. Dep't of Human Serv. v. Malibie, 630 P.2d 310,317-18 (Okla. 1981); Battles v. State ex rel. Okla. Comm'n forCrippled Children, 244 P.2d 320, 322-23 (Okla. 1951). We therefore conclude that 11 O.S. 2001, § 22-125[11-22-125], on its face, does not violate Article XXI, Section 1 of the Oklahoma Constitution, and cities are not constitutionally prohibited from making gifts to state institutions of higher education.
¶ 11 Attorney General Opinion 88-109 concluded municipalities are constitutionally prohibited from providing funding for constructing or maintaining roads, streets, or parking lots of state institutions and centers of higher education, citingMalibie, Battles, Bd. of Comm'rs and Chicago, R.I. P. Ry.Co. v. Excise Board, 34 P.2d 274, 276 (Okla. 1934). See A.G. Opin. 88-109, 235-36. All the cases cited in Opinion 88-109 stand for the proposition that counties or municipalities may not lawfully be authorized or required to provide ongoing funding for operation or maintenance of state institutions from ad valorem tax revenues. See id. In this respect, we believe the Opinion to be correct. However, Opinion 88-109 failed to consider the effect of Article XIII-A, Section 1 of the Oklahoma Constitution, and the definition of "support" which connotes maintenance and continuing funding assistance as set out inBoard of Commissioners. We conclude a one-time gift would not violate the prohibition. To the extent Opinion 88-109 is inconsistent with this Opinion, it is hereby modified.
¶ 12 Title 11 O.S. 2001, § 22-125[11-22-125], by its terms, allowsmunicipalities to make gifts to institutions of higher education. The statute is silent as to powers of municipal-beneficiary public trusts to make such gifts. Seeid. A public trust is a legal entity, separate and distinct from its beneficiary. 60 O.S. Supp. 2003, § 176.1[60-176.1](A)(2). We must then analyze what authority, if any, the trustees of a municipal-beneficiary public trust have to make gifts, either by statute or by terms of the written instrument creating the trust.
¶ 13 Our research reveals no specific statute or case law either expressly authorizing or prohibiting public trusts from making gifts to state institutions or other public agencies.[3] Since under Oklahoma law a public trust is a specialized charitable trust, (see Grimes, 49 P.3d at 726;Warram, 285 P.2d at 1041; Harrison v. Barton, 358 P.2d 211,221 (Okla. 1960)), such trusts for the benefit of the public are to be governed by the general laws pertaining to charitable trusts. Harrison, 358 P.2d at 221; Langston City v. Gustin,127 P.2d 197, 204 (Okla. 1942). Trustees of charitable trusts have "all the same responsibilities and duties of the trustee of a private trust." Smith v. Baptist Found., 50 P.3d 1132, 1144
(Okla. 2002).
¶ 14 "A charitable trust is a fiduciary relationship with respect to property arising as a result of a manifestation of an intention to create it, and subjecting the person by whom the property is held to equitable duties to deal with the property for a charitable purpose." Restatement (Second) of Trusts: Charitable Trusts §§ 348, 351 (1959); In re Estate of Shaw,620 P.2d 483, 486 (Okla.Ct.App. 1980). The trustees of an Oklahoma public trust are "inescapably burdened with the positive responsibility of exercising prudence in administering the trust." Harrison, 358 P.2d at 221.
¶ 15 In the absence of authority in the instrument creating the trust, a trustee does not have any power to make a gift of trust property; however, a trustee of a charitable trust may properly dedicate trust property to a use not inconsistent with the trust. 90A C.J.S. Trusts § 373; 76 Am. Jur. 2d Trusts § 558; Cityof Jacksonville v. Bankers Life Co., 90 F.2d 141, 144 (7th Cir. 1937); see Estate of Wilkening v. Nicholson,441 N.E.2d 158, 163 (Ill.App.Ct. 1982). An Oklahoma public trust is prohibited from engaging in any "activity or transaction that is not expressly authorized in the instruments or articles prescribing its creation except by express consent of the governmental agency or governmental entity that created said public trust." 60 O.S. 2001, § 177.1[60-177.1].
¶ 16 In Attorney General Opinion 86-131, we concluded that gratuitous transfers from a public trust are not limited by the fiscal restrictions against gifts in Article X, Sections 15 or 17
of the Oklahoma Constitution (depending on whether the beneficiary is the state or a local municipality), but rather are limited by the trustees' fiduciary duty to the beneficiary.[4] See A.G. Opin. 86-131, 185. Such fiduciary duties are to be gleaned from an examination of the trust instrument itself and the intent of the trustor. Estate ofShaw, 620 P.2d at 485; Warram, 285 P.2d at 1039, 1041; 76 Am. Jur. 2d Trusts § 35.
¶ 17 Whether a particular trust instrument adequately empowers the trustees to make gifts to public entities, such as higher education institutions, involves questions of both law and fact. For that reason, this aspect of your question cannot be answered in an Attorney General's Opinion. 74 O.S. 2001, § 18b(A)(5). A district court with jurisdiction over the trust, however, is authorized to give instructions as to the proper interpretation and operation of the trust instrument. 60 O.S. 2001, §175.23[60-175.23](A).
¶ 18 If it is determined that the subject declaration of trust conveys the intent of the trustor that the trustees are authorized to make gifts to public entities the analysis ends, and the trust may proceed to make the gift to the higher education institution. Warram, 285 P.2d at 1041. On the other hand, if it is determined that the declaration of trust does not expressly empower the trustees to make gifts, the trustees are without authority to make such a gratuitous transfer, absent an amendment of the trust document.
¶ 19 A trust instrument may be amended by mutual written consent of the trustor and all persons having a vested or contingent interest therein, which in this case would include the trustees and the beneficiary city, notwithstanding a statement in the trust instrument that it is "irrevocable." See 60 O.S.2001, § 175.41[60-175.41]; Morrison v. Ardmore Indus. Dev. Corp.,444 P.2d 816, 820 (Okla. 1968). If it does not already do so, the trust instrument might be amended by mutual consent, to empower the trustee to make gifts to public educational institutions. 60O.S. 2001, § 175.41[60-175.41]. Further, even if the trust instrument were not formally amended, with the agreement of the trustor and beneficiary a trustee may be permitted to do what, in the absence of such consent, would be a violation of his or her duties, or a violation of the agreement itself. 90A C.J.S. Trusts § 335;see Hurst v. Kravis, 333 P.2d 314, 318 (Okla. 1958); In reEdwards Irrevocable Trust v. Amquest Bank, N.A., 966 P.2d 810,815 (Okla.Ct.App. 1998). In essence, such approval by the trustor and beneficiary would amount to a waiver of an objection to what otherwise would be prohibited or unauthorized conduct under the trust instrument, or a consent to such unauthorized action as required by 60 O.S. 2001, § 177.1[60-177.1].
¶ 20 Thus, although general trust law would ordinarily prevent the trustees of the trust from making a gift of trust property to a state institution of higher education absent a clear authorization in the trust instrument itself, we conclude that with the express consent and agreement of the mayor (as trustor), the trustees of the trust, and consent of the city council (as governing body of the beneficiary), such a gift might be made. Whether such consent may be obtained, or an amendment to the trust instrument expressly allowing such donations might be entered into, involves questions of fact and the exercise of discretion by public officials, which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 21 It is, therefore, the Opinion of the Attorney Generalthat:
 1. Municipalities are permitted by Article XXI, Section 1 or Article X, Section 17 of the Oklahoma Constitution to make gifts to state institutions of higher education. Bd. of Comm'rs v. State, 254 P. 710, 711 (Okla. 1927); Lawrence v. Schellstede, 348 P.2d 1078, 1082 (Okla. 1960); Okla. Const. art. XIII-A, §§ 1, 2; 11 O.S. 2001, § 22-125[11-22-125].
 2. Under a trust instrument creating a municipal-beneficiary public trust which expressly empowers trustees to make gifts to public institutions, the trustees of such a public trust may make a gift of trust-owned real property to an institution in the Oklahoma system of higher education or to a public school district. 11 O.S. 2001, § 22-125[11-22-125]; 60 O.S. Supp. 2003, § 176(A); Bd. of County Comm'rs v. Warram, 285 P.2d 1034, 1040 (Okla. 1955); A.G. Opin. 86-131.
 3. Absent a clear expression of intent in the trust instrument allowing the trustees to make gifts, the trustees of a municipal-beneficiary public trust lack the power to make gifts of real property or other trust property to public educational institutions or other public donees. 60 O.S. 2001 § 177.1[60-177.1]; City of Jacksonville v. Bankers Life Co., 90 F.2d 141(7th Cir. 1937); 90A C.J.S. Trusts § 373; A.G. Opin. 86-131.
 4. Whether a trust instrument creating a municipal-beneficiary public trust might be amended by the trustor, trustees and beneficiary of such trust to allow the trustees to make gifts of trust property to public institutions involves questions of fact and the exercise of discretion by public officials which cannot be addressed in an Attorney General's Opinion. 60 O.S. 2001, § 175.41[60-175.41]; Morrison v. Ardmore Indus. Develop.Corp., 444 P.2d 816, 820 (Okla. 1968); 74 O.S. 2001, § 18b(A)(5).
 5. To the extent it is inconsistent with this Opinion, Attorney General Opinion 88-109 is hereby modified.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] We assume, for purposes of this Opinion, that the transaction is a gift and there is no consideration for the transfer.
[2] Prohibitions of Article X, Section 17 do not apply to your question, as that section involves a gift to a public
institution rather than to a private entity. See Lawrence v.Schellstede, 348 P.2d 1078, 1082 (Okla. 1960). Further, the constitutional restrictions on cities and towns in Oklahoma do not apply to municipal-beneficiary public trusts. See Grimes v.City of Oklahoma City, 49 P.3d 719, 723, 726 (Okla. 2002);Morris v. City of Oklahoma City, 299 P.2d 131, 137 (Okla. 1956); A.G. Opin. 86-131.
[3] See footnote 4, but see A.G. Opin. 86-131 and 81-120 as to gifts by trusts to private entities.
[4] Attorney General Opinion 86-131 withdrew A.G. Opin. 81-120, insofar as it held the constitutional prohibition against gifts by the state or by local municipalities applied to public trusts.